## NEECE v. STATE OF INDIANA.

[No. 13,655.   Filed April 16, 1929.]

*Embree & Baltzell,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Edward J. Lennon, Jr.,* Deputy Attorney-General, for the State.

ENLOE, C. J.—The appellant was tried and convicted in the city court of Princeton, Indiana, upon a charge of unlawful possession of intoxicating liquor—whisky.

From this conviction, he appealed to the circuit court of Gibson county where, upon trial, he was again convicted, and from which he appeals to this court.

It appears from the record herein that in the city court, and prior to the trial hereof, the appellant filed his motion to suppress. This motion was overruled, and in the circuit court it was again presented, where it was again overruled; this action is assigned as error.

The premises described in the affidavit and in the search warrant were the following: "the dwelling house, stable, garage building, and all outbuildings and appurtenances thereto, and located on the west one-third of Lot 142, of the original plat of the town (now city of Princeton)," in Gibson county, State of Indiana.

The premises above described were the premises searched, and, so far as this record discloses, the appellant was neither the owner of said premises, nor in possession of the same. The only fair and reasonable inference to be drawn from the record is that the premises in question were in the possession of Willis N. Sutton and Mrs. Sutton, and that, as to both ownership and possession thereof, the appellant was a stranger, and none of his rights were violated by said search. In the recent case of Lewis v. United States (1929), 49 Sup. Ct. 257, 73 L. Ed. 290, Mr. Justice Sanford, speaking for the court, said: "It is the settled general rule that all necessary prerequisites to the validity of official action are presumed to have been complied with, and that where the contrary is asserted, it must be affirmatively shown." In this case, the appellant makes no contention that he was either the owner or in possession of the premises searched, and he is, therefore, in no situation to complain.

The testimony discloses that when the officers searched said premises, they found concealed thereon a consider-

able quantity of whisky. This whisky, the appellant claimed to own, and said that the Suttons knew nothing of it, and had nothing to do with it. This evidence sustains the charge of unlawful possession, and the court did not err in overruling the motion for a new trial as to the specification thereof that the decision of the court was not sustained by sufficient evidence.

No error has been presented.

Affirmed.