## CHARLIE ROTH v. STATE.

No. A-8064. Opinion Filed Aug. 21, 1931.
(2 Pac. [2d] 595.)

Jesse H. Dunn, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter referred to as the defendant, was convicted of having possession of intoxicating liquor, and sentenced to pay a fine of $50 and be imprisoned in the county jail for 30 days; and appeals.

The testimony on behalf of the state tends to show that the sheriff and his deputies went to the home of the defendant and found no one at home; they searched the premises and in the henhouse found a one-half gallon jar of whisky. The defendant denies the whisky belonged to him. He admits he occasionally takes a drink, but states that he knew nothing about the whisky being in the henhouse, and that he was away from home the date the search was made by the officers.

The defendant assigns several errors alleged to have been committed in the trial which he deems sufficient to reverse the case. The testimony in this case is conflicting. The testimony on behalf of the state shows that the whisky was found in the henhouse of the defendant. The defendant's testimony denies he knew anything about the whisky. This conflict in the testimony has been decided by the jury against the defendant.

The only question to be considered is, Did the court properly instruct the jury as to the law. The defendant complains of some of the instructions of the court, but upon an examination of the record we find the defendant reserved a general exception to the instructions given by the court. If counsel desires to save an exception to an instruction given by the trial court, he should point out the particular instruction to which he desires to except,

in order that the court may correct the error, if any. Summers v. State, 7 Okla. Cr. 10, 120 Pac. 1031; Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883; Star v. State, 9 Okla. Cr. 210, 131 Pac. 542; Hess v. State, 9 Okla. Cr. 516, 132 Pac. 505.

The defendant was accorded a fair and impartial trial. There are no fundamental or prejudicial errors in the record. The judgment of the lower court is affirmed.

EDWARDS and CHAPPELL, JJ., concur.