## W. H. DYER v. STATE.

No. A-9155.   April 9, 1937.

(66 Pac. [2d] 1104.)

J. A. Shirley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and B. W. Carter, Co. Atty., for the State.

BAREFOOT, J.   The defendant was charged with the unlawful possession of intoxicating liquors in Bryan county.   He was tried, convicted, and given a fine of $50 and 30 days in jail, and has appealed to this court.

The evidence reveals that the defendant was engaged in the hotel business at Durant; that adjoining his hotel was a small residence which he owned and had rented to a man by the name of Turner.   The officers were near the hotel and saw suspicious circumstances.   One officer hid behind a fence and another went to get a search warrant for the purpose of searching the hotel.   While he was away, the officer behind the fence saw the defendant and another party carry two boxes from the hotel to the residence occupied by Turner.   When the officer returned they went to the Turner residence and informed him of what they had seen.   Turner asked them to come in, and

showed them where the whisky was. They found 41 bottles of bonded whisky in boxes, just as the officer had seen carried there.

Turner, at the hearing on the motion to suppress evidence, and at the trial, testified that he had no objection to the searching of his residence; that the whisky did not belong to him, and was brought there only a short while before by the defendant and another party, and that this other party had said that he wanted to leave it there for a little while, as the officers were going to shake them down at the hotel. That it did not belong to him, but belonged to Mr. Dyer. Turner's wife also testified to the defendant bringing the liquor there after her husband had gone to bed, and just as she was about to retire. She stated this other party said the whisky did not belong to him but belonged to Mr. Dyer, and that the statement was made in defendant's presence.

The defendant presented a motion to suppress the evidence in this case. This motion was overruled, to which defendant excepted. The search warrant did not cover the residence in which the witness Turner lived, but only covered the hotel. The finding of the liquor was not the result of the search warrant, but by reason of the officers seeing it carried from the hotel to the Turner residence. The defendant did not make any defense in this case, and did not deny these statements.

Under the holdings of this court in many cases, the right of search and seizure is personal and one cannot object to the searching of another's premises if there is no objection on the part of the one whose premises are searched. This is true even though property is found belonging to defendant and for the possession of which he is afterwards prosecuted. Williams v. State, 35 Okla.

Cr. 171, 249 Pac. 433; Klaber v. State, 35 Okla. Cr. 238, 250 Pac. 142; George Hardy v. State, 35 Okla. Cr. 124, 248 Pac. 874; Brannon v. State, 39 Okla. Cr. 207, 264 Pac. 835; Bailey v. State, 39 Okla. Cr. 159, 263 Pac. 1114.

The Supreme Court of this state, in the case of Chanosky et al. v. State et al., 52 Okla. 476, 153 Pac. 131, 132, says:

"The neighbor of a man whose house had been searched has no right to complain that the search was under a void process; that is a question purely personal to him [the party whose house was searched], and which he can raise and insist upon, but which his neighbors and strangers cannot raise for him. If a neighbor had property, which rightfully belonged to him, seized in such search, he could set up his claim to the property, and would be entitled to recover it, regardless of the fact as to whether the process is valid or void. And since his rights would be the same under either, he would have no interest in the character of the process, and could not be heard upon that question." The defendant complains of certain instructions, but an examination of the record shows that the only objections to the instructions by the defendant were that "That defendant takes exceptions to every instruction given by the court."

This court has held in many cases that such general exceptions to the instructions are insufficient, and that the same cannot be considered, only to see that no fundamental error has been committed by the trial court in all of the instructions. See Buck v. Territory, 1 Okla. Cr. 517, 98 Pac. 1017; Killough v. State, 6 Okla. Cr. 311, 118 Pac. 620; Roth v. State, 52 Okla. Cr. 15, 2 Pac. (2d) 595; Maddox v. State, 12 Okla. Cr. 462, 158 Pac. 883.

The objection is made to certain testimony as being hearsay. An examination of the record shows that no

exceptions were taken to the introduction of this testimony.

We have carefully examined the record and are of the opinion that the defendant received a fair and impartial trial, and that the judgment of the county court of Bryan county should be affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.