## C. L. TACKER v. STATE.

No. A-9789.   May 7, 1941.
(113 P. 2d 394.)

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Lewis R. Morris, Co. Atty., of Oklahoma City, for the State.

Laynie W. Harrod, of Oklahoma City, for defendant.

BAREFOOT, P. J.  Defendant C. L. Tacker was charged in the court of common pleas of Oklahoma county with the crime of unlawful possession of intoxicating liquor, to wit, 48 pints of nontax-paid liquor; was tried before the court without the intervention of a jury, convicted and sentenced to pay a fine of $50 and serve 30 days in the county jail, and has appealed.

The only error complained of is that the court erred in overruling the motion to suppress and exclude the testimony offered by the state.  This contention is based upon the alleged illegality of the search, the liquor having been found by the officers in a car driven by Jim Owens and in which defendant was riding.  The search was made on the public streets of Oklahoma City by two police officers who were following the car and who arrested Jim Owens for speeding prior to the search of the car.  He afterwards paid a fine of $10 in the police court upon this charge. When the car was stopped and after Jim Owens was placed under arrest, as above stated, the officers raised the turtle back to the car and found therein 48 pints of nontax-paid whisky.  The defendant, C. L. Tacker, claimed the ownership of the whisky, and Owens claimed ownership of the car, the defendant stating that Owens knew nothing of the whisky and Owens corroborating this statement.  Owens

was not held in connection with the possession of the whisky.

The contention of defendant is without merit:

(1) Because the search was legal without the necessity of any warrant, having been made pursuant to a legal arrest. Skinner v. State, 65 Okla. Cr. 371, 87 P. 2d 341.

(2) This defendant is in no position to question the legality of the search of the automobile for the reason that he disclaimed ownership and control thereof.

This court has in many decisions stated that the constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights. Bynum v. State, 40 Okla. Cr. 352, 268 P. 993; White v. State, 33 Okla. Cr. 428, 244 P. 450; Williams v. State, 35 Okla. Cr. 171, 249 P. 433; Penrod v. State, 38 Okla. Cr. 46, 258 P. 1052; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081; Strickland v. State, 40 Okla. Cr. 94, 267 P. 672; Dyer v. State, 61 Okla. Cr. 202, 66 P. 2d 1104; Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616.

The Bynum and White Cases, supra, both involved the search of automobiles. The federal courts have followed this rule. Remus v. United States, 6 Cir., 291 F. 501; Williams v. United States, 10 Cir., 66 F. 2d 868, and cases cited. The courts of last resort of other states have also passed upon this question. Neece v. State, 89 Ind. App. 122, 165 N. E. 920; Lovern v. State, 140 Miss. 635, 105 So. 759; State v. Fenley, 309 Mo. 520, 275 S. W. 36; Duke v. Commonwealth, 201 Ky. 365, 256 S. W. 725.

Finding no error, the judgment of the court of common pleas of Oklahoma county is affirmed.

JONES, J., concurs. DOYLE, J., absent.