EDWARDS et al. v. STATE.

No. A-11273. Feb. 14, 1951.

Rehearing Denied March 21, 1951.

(228 P. 2d 672.)

12

Irvine E. Ungerman (Charles A. Whitebook, Tulsa, of counsel), for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error Bill Edwards, defendant below, and one J. C. Frierson, were charged by information in the district court of Tulsa county, Oklahoma, with the crime of unlawful possession of intoxicating liquor, 6 cases (144 pints), second offense. A jury was waived and the defendant was tried by the court, found guilty, and sentenced to 6 months' imprisonment and to pay a fine of $300. From the judgment and sentence thus imposed this appeal was perfected.

When the case came on for trial the defendant Bill Edwards interposed a motion to suppress the evidence. Evidence was heard on the motion to suppress the evidence and said motion was overruled. Thereafter by stipulation it was agreed the evidence on the motion to suppress might be considered the evidence in chief covering the alleged offense.

The sole question raised and upon which a reversal is sought herein is that the evidence upon which the conviction is based was the result of an unlawful search and seizure and the conviction is therefore invalid. This contention requires an analysis of the facts. It appears that the home of J. C. Frierson was located diagonally 125 feet across the street, in good view, from a filling station located at 210 East Frankfort street in Tulsa, Oklahoma. The defendant J. C. Frierson's driveway was located on the south side of his house plainly to be seen from the filling station. On the morning of October 20, 1948, Deputy Sheriffs

Tyler and Byrd were sitting in their car on the driveway of the said filling station. It appears the officers were in the filling station on official business to obtain service of civil process on Mrs. Hudspeth, the operator of the said filling station. Mrs. Hudspeth was engaged inside the filling station and they were awaiting her appearance. Thus situated Officer Tyler looked across the street and there observed the defendant, a white man, back his automobile into the driveway on the south side of Frierson's house and up to the back end of Frierson's car. Frierson is a negro. The turtle backs were thereupon raised by the defendant and Frierson and defendant Edwards proceeded to hand Frierson brown cartons the size of whisky lugs. Frierson was recognized and was known to Officer Tyler as a bootlegger. The defendant and Frierson were nonobservant and did not see the officers. The officers proceeded toward the operation between Edwards and Frierson, and when one of them was on the sidewalk and the other was on the street, they read on the side of the sealed cartons or lugs being unloaded from defendant Edwards' car into Frierson's car the words "Sunny Brook" and "whiskey". Thereafter they proceeded on the premises, arrested the defendant and Frierson and seized the liquor. Upon this state of facts the defendant predicates his contention that the evidence was the result of an unlawful search and seizure. In support of his contention he cites numerous cases going to the proposition that the search and seizure in a misdemeanor case without a warrant based upon suspicion and not incident to a lawful arrest for an offense committed in the officers' presence is invalid. But clearly, such is not the situation confronting us herein. He further relies on the case of Padgett v. State, 90 Okla. Cr. 269, 213 P. 2d 580, wherein the officer without any knowledge of a liquor law violation or without any arrest for an offense committed in their presence, but solely on suspicion created by an open, unsealed empty carton labeled "whiskey" being exposed on the ledge at the back window of the Padgett automobile, a search was made of the Padgett car, liquor was discovered, covered up on the floor of the car, seized and the arrest of Padgett was made. This is not the case herewith presented. Herein we are confronted with a situation where the officers were on the sidewalk and in the street where they had a right to be and being officers were expected to be alert to possible law violations. Thus acting in discharge of their duty they observed what appeared to be a violation of the liquor law transpiring in their presence by and between Edwards and Frierson. They drew more closely, and without violating the right of privacy of either Edwards or Frierson and while on the sidewalk and in the street, observed the law being openly and flagrantly violated in their presence. On seeing the sealed cartons bearing the words "whiskey" and "Sunny Brook" and only upon such provocation as revealed by this record, invaded the privacy of the premises of Frierson, arrested the defendants Edwards and Frierson and seized the liquor, the same being in plain view in the turtleback of Frierson's car, which they had observed transferred from Edwards' to Frierson's car as hereinbefore related. Thus observing the law being openly and notoriously violated in their presence, they discharged their duty, invaded the premises as they had a right to do, placed the parties including the defendant under arrest and proceeded with the search and seizure. To hold the liquor so seized was by reason of an unlawful search and seizure would be most ridiculous. We are of the opinion this case falls squarely within the rule announced in Griffin v. State, 90 Okla. Cr. 90, 210 P. 2d 671, wherein it was said in the body of the opinion:

"In considering the assignment of error to the effect that the 'court erred in not sustaining the defendant's motion to suppress the evidence,' we must determine if there is competent evidence in the record reasonably tending to support the findings of the trial court, and if so this court will not reverse the lower court upon its findings of fact in connection with a motion to suppress the evidence. See Mitchell v. State, 73 Okla. Cr. 184, 119 P. 2d 99.

14

"This court is further bound by the rule announced in numerous cases that whether a search of or seizure from an automobile, parked on a public street, without a warrant, is or is not unreasonable within the meaning of the constitutional provision (Okla. Const. art. 2, § 30) forbidding unreasonable searches and seizures, is a judicial question to be determined in each case in view of all the facts and circumstances under which the search or seizure is made. See Sue Hoppes v. State, 70 Okla. Cr. 179, 105 P. 2d 433; Blair v. State, 75 Okla. Cr. 265, 130 P. 2d 545. * * *

"The officers were patrolling the streets of Tulsa in the performance of their duty. It also was a part of their official duty to keep under surveillance the acts of any known criminals or suspicious characters. Both the defendant, Griffin, and Dale Wolfe, were known bootleggers. However, even though they were known bootleggers, the officers would not have a right to search their automobile without a warrant, unless a crime was committed in their presence which would authorize a search of the car.

"The question presented to this court is whether the fact that the officers saw two known whiskey dealers passing a sealed carton from one to the other with the distillery name together with the word 'whiskey' stamped thereon, was a violation of the prohibitory liquor laws in the presence of the officers, so as to justify the arrest of the defendant, and the search of his automobile, and seizure of the whiskey in question.

"In Farmer v. State, 86 Okla. Cr. 308, 192 P. 2d 716, 717, it is held: 'Where officer sees a person violating the intoxicating liquor law at a place where the officer has a legal right to be, the officer may without a warrant arrest the person and search his person and immediate possessions for intoxicating liquor.'

"Our Constitution, Article 2, Section 30, prohibits only 'unreasonable searches or seizures'." * * *

Citing Davenport v. State, 71 Okla. Cr. 91, 108 P. 2d 549; Matthews v. State, 67 Okla. Cr. 203, 93 P. 2d 549, 550; Young v. State. 71 Okla. Cr. 112, 108 P. 2d 1028; Franklin v. State, 71 Okla. Cr. 115, 109 P. 2d 239 and Nott v. State, 70 Okla. Cr. 432, 107 P. 2d 366, all cases involving situations where packages containing liquor or cartons containing liquor were observed by officers in passing by parked automobiles. Further quoting from the body of the opinion this court said:

"The fact that in the instant case the whiskey was in the manufacturers carton which was sealed and unbroken, and had thereon the name whiskey with the stamp of the distillery, creates a presumption that the carton contained the product named on its side.

"Laws have been enacted for the very purpose of preventing and punishing the misbranding of articles of merchandise in packages, including liquor. Title 78 O.S. 1941. It is an established custom relied upon in every day transactions with the grocer, druggist, filling station operator, and all other sellers of merchandise to rely upon the brands which appear upon packages and cartons.

"It would appear from the record in this case that bootleggers themselves follow the same custom as Dale Wolfe was accepting the carton of whiskey from the defendant, Griffin, at the very time the officers interfered and stopped the transaction. Wolfe was evidently relying upon the fact that the carton contained the whiskey named on the side of the box, and ready to pay the defendant the agreed price without opening the box to taste the liquids therein contained to see whether it was actually whiskey. It would seem an unusual and extremely technical requirement to say that an officer must have evidence stronger than that which a buyer of the liquor would require before he could seize the whiskey package. These two men, one an evident wholesaler and the other a retail whiskey dealer, were boldly carrying on their illegal traffic on a public street in the city of Tulsa, in broad daylight. It would be placing an unwarranted and strained construction upon the Constitution and the Statutes of

this state to say that such traffic committed in the presence of the officers of the law, should escape prosecution."

As was said in the Griffin case, supra, where the evidence tends to support the findings of the trial court, in its action in overruling the motion to suppress, this court will not reverse the lower court upon its findings made in such case. The evidence herein supports the trial court in its findings, both on the motion to suppress and the finding of guilt on the merits. Moreover, in light of the rule of the Griffin case, supra, the rule announced in Taylor v. State, 89 Okla. Cr. 370, 208 P. 2d 185, is applicable here. Therein we said:

"The constitutional provision against unreasonable searches and seizures does not are indo the making of a seizure, without a warrant previously procured, of intoxicating liquor, where there is no need of a search for the liquor because the liquor is fully disclosed to the eye."

The foregoing cases are conclusive of the issue herein raised.

Moreover by the time the arrest was made, the defendant having transferred the liquor from his car to Frierson's car was in no position to complain relative to the search and seizure for the premises and the car then containing the liquor was the premises and the car of Frierson. This court has repeatedly held that the constitutional provision guaranteeing immunity from unlawful search and seizure is personal to the occupant of the place or premises searched and cannot be availed of by one not the owner or in possession of the premises involved. Hood v. State, 90 Okla. Cr. 340, 213 P. 2d 883; Sparks v. State, 77 Okla. Cr. 431, 142 P. 2d 379; Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394; Freeman v. State, 72 Okla. Cr. 137, 113 P. 2d 843; Coburn v. State, 70 Okla. Cr. 329, 106 P.2d 533; Dyer v. State, 61 Okla. Cr. 202, 66 P. 2d 1104.

Finally the defendant complains that the trial court imposed a greater sentence on him than that imposed upon Frierson, Frierson's sentence being a $150 fine and 3 months in jail while the sentence imposed upon Edwards was $300 and 6 months in jail. He contends that the judgment and sentence imposed upon him should be reduced and certainly should not be greater than that imposed upon Frierson. The record discloses that both the defendant herein and Frierson were found guilty as second offenders. The record does not disclose the reason for the disparity between the sentence imposed upon Edwards, a white man, and Frierson, a negro. It does not appear as to why the court inflicted a greater penalty upon Edwards than it did upon Frierson. The record not disclosing the reason for the difference in the 2 sentences we must presume that the trial court had some valid and existing reason for so doing. This contention is therefore without apparent merit. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.