COMBS et al. v. STATE.

No. A-11345. June 20, 1951.

(233 P. 2d 314.)

Percy Hughes, Hobart, for plaintiffs in error.

Mac Q. Williamson, Atty., Gen. Lewis A. Wallace, Asst. Atty. Gen., and Fred E. Larue, County Atty., Custer County, Oklahoma, Arapaho, for defendant in error.

JONES, J. Cecil Combs, Hershel Roberts, William H. Busby, E. W. (Doc) Jones, O. M. Cox, S. Jones and W. O. (Sam) Thompson were charged by an information filed in the county court of Custer county with the unlawful possession of 164 cases of whisky. O. M. Cox was never arrested. A severance was asked on behalf of the remaining defendants and upon objection being interposed by the county attorney the request for a severance was denied. At the conclusion of the trial the jury found each of the defendants guilty and fixed the punishment of each of them at confinement in the county jail for four months and a fine of $400.

The whisky involved in the prosecution was seized in a raid conducted by the sheriff and several deputies at the Rainbo Courts, on Highway 66 near Clinton, on February 11, 1949. The officers were armed with a search warrant directing them to search certain premises of one W. O. Thompson described as:

"Certain tourist cabins located directly west of a stucco building and located on the following described real estate to-wit: A strip, piece or parcel of land lying in the south portion of the Northeast Quarter of Section 27, T. 12 N. R. 17 W. I. M. Custer County, Oklahoma, being further described by metes and bounds as follows: Beginning at a point where the West right of way line of the U. S. Highway No. 66 intersects the South line of the NE¼ of Section 27, T. 12 N. R. 17 W. I. M. Thence Westerly along South line of said Quarter Section a distance of 580.8 feet, Thence Northeasterly a distance of 150 feet parallel to West line of said right of way; Thence easterly a distance of 580.8 feet, and parallel to South line of said Quarter Section; thence Southwesterly along West line of said right of way a distance of 150 feet, containing 2 acres, more or less."

In a closed garage connected to the extreme west cabin 56 cases of whisky and one case of wine were found in a Chevrolet pickup truck which belonged to the defendant William H. Busby. Sitting more than 80 feet away was a large Chevrolet enclosed truck. The officers were unable to see what was contained in the truck but by starting the engine and driving it back

and forth they ascertained that it was heavily loaded. They then opened the truck and found 107 cases of whisky and other intoxicating liquors. No one was present at either of the trucks when the search and seizure was made and all of the evidence against the defendants is wholly circumstantial.

It should be borne in mind that this prosecution is not under the conspiracy statute. 21 O.S. 1941 § 424. The county attorney referred several times to the fact that it was a conspiracy on the part of the defendants to sell whisky in Custer county. If he had charged the defendants with conspiracy much of the objectionable evidence that was admitted over the protest of the accused would have been properly admitted. However, the crime of conspiracy to commit an unlawful act constitutes an independent crime, complete in itself and distinct from the unlawful act contemplated. McCreary v. Venable, 86 Okla. Cr. 169, 190 P. 2d 467; Burns v. State, 72 Okla. Cr. 432, 117 P. 2d 155.

Because of the nature of the charge it becomes necessary that we consider the evidence as to each of the defendants so as to determine as to each of them the sufficiency of the evidence.

### S. Jones

The case is easily disposed as to the defendant S. Jones. There was absolutely no evidence at all to connect him with the possession of the whisky. The record showed that he was a carpenter who had never been arrested before in his life, but who had been hired to build a building on a tract of land allegedly purchased for the use of storing whisky in some future date. There just was no basis at all for submitting the case to the jury as to this defendant.

### William H. Busby.

Eight months before the case was called for trial this defendant alone filed a motion to suppress the evidence for the reason that the search and seizure was unlawful and in violation of his constitutional rights. Busby testified at the hearing on the motion that he had rented the west cabin of the cabins owned by W. O. Thompson and was occupying it although not actually present at the time of the raid; that the whisky found in the pickup truck in the closed garage adjacent to his cabin belonged to him as did the whisky found in the other truck. The proof showed that the other cabins were rented and occupied by separate individuals, as also were the four apartments in the stucco building occupied by W. O. Thompson.

It is conceded that the warrant was what has been described in law as a blanket search warrant and therefore invalid. Linthicum v. State, 66 Okla. Cr. 327, 92 P. 2d 381; Wallace v. State, 89 Okla. Cr. 365, 208 P. 2d 190. Counsel for the state admit that the search warrant was a blanket search warrant and therefore was insufficient in law to authorize the search, but further contend that the seizure of the 57 cases of whisky in the pickup truck belonging to Busby was legal because the whisky could be seen through a three-fourth inch crack in the truck. The officers testified that after they had opened the garage they discovered that there was a crack about three-fourths of an inch wide and through this crack they could see pasteboard cartons with the name of "Seagrams 7" appearing thereon. The entry itself into the closed garage was illegal because it was done under the purported authorization of a void search warrant and was therefore a trespass on the part of the officers. The officers did not see the whisky in the other truck and the only basis for searching it was upon suspicion that it contained whisky because it was heavily loaded. The motion to suppress evidence as to Busby should have been sustained.

It should be noted in this connection that at the commencement of the trial counsel for defendant objected to the introduction of any evidence for the reason that the search and seizure of the whisky was in violation of the constitutional rights of all the defendants. No evidence was offered in support of this objection. The burden of proof was on the defendants to show the illegality of the search and in the absence of proof of its illegality the court properly overruled the objection. None of the other defendants with the exception of Busby contended that the whisky belonged to them or that the trucks belonged to them.

The law is well settled that the constitutional provision guaranteeing one immunity from unlawful search and seizure belongs only to the person, effects and premises of the party whose property is searched, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights. Dyer v. State, 61 Okla. Cr. 202, 66 P. 2d 1104; Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394.

### E. W. (Doc) Jones.

The officers testified that in the truck which belonged to Busby they found two books of blank invoices in the glove compartment and printed on these invoices appeared the names

"Jones, Cox and Jones
"920 South Eastern          "Phone 281
"Hobart, Okla."

Over objection of counsel for defendant the state was permitted to introduce the testimony of two admitted whisky violators who testified that they had on previous occasions purchased whisky from the defendant E. W. (Doc) Jones at Hobart and were given invoices showing the description and price of the whisky sold to them. These invoices showing the description and price of the blank invoices found in Busby's truck. There was also permitted to be introduced as evidence a certificate from the Collector of Internal Revenue showing that E. W. Jones, O. M. Cox and S. Jones of 320 South Eastern Street, in Hobart, had a federal retail liquor dealer's license for the period of time commencing July 1, 1948, and ending June 30, 1949. There was also evidence that this defendant had paid for a certain tract of land on which a building was being constructed at the time of the seizure of the whisky involved in the instant case. The county attorney makes much ado of this evidence and states that it was his belief this defendant intended to establish whisky operations in Custer county. The county attorney might have the right theory as to the purpose for which the building was being constructed, but we are bound by the evidence in the record and there was absolutely no evidence to this effect. Furthermore, if there had been evidence to this effect it would have been inadmissible for the reason that it had no bearing at all upon the question of the possession of the whisky in controversy. Before the federal retail liquor dealer's license was admissible in evidence it was incumbent upon the county attorney to introduce some evidence indicating the possession of the whisky by the accused. After possession is shown, then the fact that the accused has a federal retail liquor dealer's license may be shown for the purpose of showing the intent with which the liquors were possessed.

After reviewing this evidence in its strongest light, the most that can be said insofar as E. W. Jones is concerned is that there was a solid suspicion that the whisky found in the Busby truck was purchased from this defendant. However, if he had sold the whisky to whoever owned and operated the truck the title to the liquor would have passed from the seller and he would

not be liable any longer for the alleged illegal possession of the whisky in the hands of the purchaser.

### W. O. (Sam) Thompson.

This defendant owned the tract of land on which the tourist cabins were located. He lived in a stucco building in which there was also located three other apartments which were rented. This defendant testified that he rented his cabins and that he did not know that some of the parties to whom the cabins were rented had whisky in their trucks. He denied having any connection at all with the whisky. On cross-examination he admitted that he had been formerly convicted for the illegal possession of whisky four or five times in Custer county, but further asserted that he had reformed and had not been in the whisky business for over two years; that he did not own a federal retail liquor dealer's license and had not owned one during the two-year period during which he had quit the whisky business. The only possible connection this accused would have with the whisky under the evidence is based on the fact that he was the owner of the tract of land where the trucks were located within which the whisky was found. Under this record we cannot say that the circumstantial evidence was sufficient to exclude every other reasonable hypothesis than the guilt of the accused. The probability would appear from the evidence that because this individual had once been in the whisky business the parties who had purchased the whisky and were transporting it in their trucks felt safer in spending the night on his premises than anywhere else because of his previous record as a whisky man.

### Cecil Combs.

The only question of law pertaining to this defendant was the contention that the evidence was insufficient to sustain the conviction. This defendant was shown to have been driving the large truck on several different occasions just prior to the time the whisky was seized. On January 28th, February 4th and February 5th, 1949, he had had work done on the truck at the K. C. Motor Company in Clinton. On February 5th, in addition to having repair work done on the motor, he had a paint job done on the van. The proof showed that the van had formerly been painted with the words, "Poultry and Eggs", but that in the new paint job these words were obliterated and the appearance of the truck body was changed. Combs registered with the truck in his possession at the Neptune Courts near the Rainbo Courts where the search was made on the nights of January 21st, 22nd, and 23rd, and February 9th, 1949. W. O. Thompson said the cabin was rented to a man known to him as Mickey, but he did not identify Combs as being that individual and said that he would not be able to identify the individual who owned the truck in which the whisky was found. However, the jailer testified that after the defendant Combs was incarcerated in jail he went to the large cell where the prisoners were kept and called for, "Mickey", and the defendant Combs came to the door of the jail cell and asked him what he wanted. Combs was not present, as heretofore pointed out, when the search was made but he was arrested the next day at the office of Doc Jones in Hobart. Combs did not testify and it is our conclusion that the state introduced sufficient evidence to show that he had possession and control of the truck in which the 107 cases of whisky were found.

### Hershel Roberts.

It is conceded that there was not proof that this defendant had ever been in Custer county. The sole evidence against him consisted of two instruments introduced in evidence. One was a certificate of title showing ownership in a Hershel Roberts of the large Chevrolet truck in which the 107 cases of whisky

were found. The second instrument was a certified copy of the record from the Collector of Internal Revenue showing a retail liquor dealer's license issued to Hershel Roberts and G. L. Bleer of Ada, Oklahoma, effective for the period of time from July 1, 1948 to June 30, 1949. There was no testimony that the defendant Hershel Roberts was the Hershel Roberts mentioned in the certificate of title to the truck. This truck license was a Texas license issued in Fort Worth, Texas, to Hershel Roberts, whose address was given as Route 11, Box 600, Fort Worth, Texas. There was no evidence at all that the Hershel Roberts in whose name this truck was registered was the same person as the defendant Hershel Roberts, and there was no evidence that the federal retail liquor dealer's license issued to Hershel Roberts and G. L. Bleer of Ada, Oklahoma, pertained to the identical Hershel Roberts who was on trial. The proof as to this defendant would not arise above suspicion and cannot be sustained.

We are convinced after a full consideration of the entire record that the whisky in one of the trucks belonged to William H. Busby as claimed by him and that the whisky in the large truck belonged to Cecil Combs, who may have been acting as agent for Hershel Roberts. As hereinabove related, the motion to suppress as to Busby should have been sustained. There was no connection at all between the two trucks of whisky so far as the competent evidence disclosed, and separate charges should have been filed.

There were many questions of law presented other than those here discussed, but in the view we have taken of the case it becomes unnecessary to discuss them. We feel constrained to say in order to prevent a repetition of the error in future trials that it was grossly improper to introduce evidence of other offenses wholly disconnected with the offense charged. This error particularly was committed against the accused Doc Jones.

Because of the illegal search and seizure of the defendant William H. Busby's property, it is apparent that the court erred in overruling the motion to suppress evidence, and the judgment and sentence as to this defendant is reversed with instructions to discharge the defendant.

The evidence as to E. W. (Doc) Jones, S. Jones, W. O. (Sam) Thompson and Hershel Roberts being wholly insufficient in law to sustain the conviction, the judgment and sentence is reversed and remanded with instructions to discharge the defendants.

The judgment and sentence as to the defendant Cecil Combs is affirmed.

BRETT, P. J., and POWELL, J., concur.