## TRENT v. STATE.

No. A-11473. March 5, 1952.

Rehearing Denied April 9, 1952.

(242 P. 2d 470.)

L. E. Roseboom, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Warren H. Trent, was charged by an information filed in the county court of Garfield county with the unlawful possession of intoxicating liquor; was tried; convicted; and pursuant to the verdict of the jury was sentenced to serve ninety days in the county jail, and pay a fine of $500; and has appealed.

Many assignments of error are set forth in the brief of defendant but they are all directed at two propositions, namely: The court erred in overruling the motion to suppress evidence, and secondly, the evidence was insufficient to sustain the conviction.

Prior to the commencement of the trial, counsel for defendant filed a written motion to suppress the evidence on the ground that the seizure of the whiskey involved in the prosecution was made by reason of an unlawful search.

If any evidence was introduced at the hearing on this motion to suppress, the record does not disclose it. The motion was overruled and exception saved by defendant. During the trial of the case numerous objections were made to testimony by the officers concerning the search of the automobile in question and seizure of the intoxicating liquor involved in this prosecution, so we consider that the objection to the admissibility of such evidence has been properly raised.

Two witnesses testified for the state and no evidence was presented on behalf of defendant. Joe L. Barker, deputy sheriff of Garfield county, and Sid Wilson, an agent of the State Bureau of Investigation, each testified that about 2:00 a.m. on Sunday morning, March 5, 1950, they were cruising around in the city of Enid and drove by the home of Wayne Trent, who is the brother of the accused. They saw a Ford coupe backed up to the rear door of the house and three men were busily engaged in transporting packages or lugs from the car into the house. The lugs appeared to the officers to be whiskey, so they investigated the activities of the men, and found that the defendant and two other individuals were the three men who were transporting the lugs from the automobile into the house. The defendant refused the request of the officers for permission to search the house unless they first procured a search warrant. The officers proceeded to search the automobile however and found approximately one hundred and forty-four (144) pints of assorted whiskey and one hundred and twelve (112) one-half (½) pint bottles of assorted whiskey. The defendant at that time told the officers that he had just driven into town with the whiskey and further said that he had expected the officers because he thought they had been following him for the last twenty miles before he arrived in the city of Enid.

On cross-examination of the officers counsel for defendant proved that the automobile in which the whiskey was found was registered in the name of Wayne Trent, brother of defendant, and that the house and premises where the search and seizure was made also belonged to Wayne Trent.

At the time the trial commenced both the county attorney and counsel for the defendant made their opening statements to the jury. Counsel for defendant stated:

"In this case, the defense will be that the defendant was at the home of another man on the night that this raid was made, the other man being his brother, Wayne Trent, on the other man's premises and at the other man's home, and that part of the whiskey was found in an automobile on the premises, not the automobile of this defendant but the automobile of the brother of this defendant, Wayne Trent.

"The evidence will further show that Warren Trent here, the defendant in this case, has not been convicted for any offense under the prohibitory laws, the whiskey laws of the State of Oklahoma, or for any other offense in his lifetime. That he was born and reared here in Enid and has never been convicted of any violation of law, and that the liquor found by the officers was not on his premises or in his possession or under his control, was not in his automobile and said automobile was not in his possession or under his control and that he had nothing whatever to do with this whiskey."

During the trial, at the time the motion was made to exclude the evidence from consideration of the jury, counsel for defendant stated:

"that this raid upon the premises of Wayne Trent, the brother of this defendant, was made at 1:30 to 2:00 o'clock in the morning on Sunday, March 5, 1950, on the suspicion of the said Joe L. Barker, a Deputy Sheriff of this County, that whiskey might be found on said premises and admitted and stated to the court and jury that he knew at the said time and had known for several months

prior thereto, as an officer of Garfield County, that the said premises was the property of Wayne Trent, not this defendant, and that the said Joe L. Barker admitted that he knew that the automobile in which this whiskey was found was the property of Wayne Trent, not this defendant but the brother of this defendant, and that the said Joe L. Barker knew of his own personal knowledge that this defendant, Warren Trent's only automobile or truck was a Studebaker Convertible Coupe which he had never known of his own personal knowledge of being used in the whiskey business of Wayne Trent, otherwise known as W. R. Trent, the brother of this defendant."

There is no question in the minds of the court but what the search and seizure of the intoxicants in question were made solely on suspicion. If the defendant had claimed ownership and possession of the car and whiskey it would have been our legal duty to reverse this conviction. However he denied the ownership and possession of both the car and the whiskey, and, on cross-examination of the sheriff, proved that the automobile in question and the premises where the automobile was searched belonged to a brother of the accused.

It is established law that the Constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights. Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394; Bynum v. State, 40 Okla. Cr. 352, 268 P. 993; White v. State, 33 Okla. Cr. 428, 244 P. 450; Williams v. State, 35 Okla. Cr. 171, 249 P. 433; Penrod v. State, 38 Okla. Cr. 46, 258 P. 1052; Boardwine v. State, 64 Okla. Cr. 49, 76 P. 2d 1081; Strickland v. State, 40 Okla. Cr. 94, 267 P. 672; Dyer v. State, 61 Okla. Cr. 202, 66 P. 2d 1104; Stump v. State, 66 Okla. Cr. 391, 92 P. 2d 616; State v. Simpson, 91 Okla. Cr. 426, 219 P. 2d 639; Edwards v. State, 94 Okla. Cr. 11, 228 P. 2d 672; Combs v. State, 94 Okla. Cr. 206, 233 P. 2d 314. Because the defendant disclaimed ownership and possession of the automobile and whiskey in question, his motion to suppress evidence should not be sustained.

We have hereinabove set forth a short summary of the evidence of the state. In addition to that, the officers testified that the defendant possessed a federal liquor stamp. The fact that defendant was busily engaged in moving the lugs of whiskey from the automobile into the house, and that he told the officers he had just brought the load of whiskey into the city, and the further fact that he refused to permit the officers to enter the house without a warrant, were all incriminating facts which were sufficient to establish the guilt of the accused if believed by the jury.

The various other assignments of error mentioned in brief of counsel for defendant have been examined with reference to the record. All of them hinge upon the determination by this court of the sufficiency of the evidence to sustain the conviction and the motion to suppress evidence. If the defendant had been successful on these two points, then he would have been right upon the other requested instructions and matters that he raised. But in view of the fact that we have determined the first two propositions adversely to the defendant, it appears that the remaining assignments of error are not of sufficient merit to require further discussion.

The judgment and sentence of the county court of Garfield county is affirmed.

BRETT, P. J., concurs.