## REECE v. STATE.

No. A-11795. July 8, 1953.

(259 P. 2d 336.)

Dwight Malcolm, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Johnny Reece, was charged by an information filed in the county court of Comanche county with the unlawful transportation of whiskey. A jury was waived. The defendant was tried, found guilty, and sentenced to serve 30 days in the county jail and to pay a fine of $500.

The only proposition presented by the appeal is whether the trial court erred in overruling the motion to suppress evidence filed by the defendant.

At the hearing on the motion to suppress evidence, the defendant testified that he was driving a black Dodge panel truck in the city of Lawton on October 16, 1951, when his attention was attracted to some officers who were blowing their siren in an attempt to stop him. That he stopped the truck, and the officers made a search of the truck and found 36 cases of whiskey, which belonged to the defendant. The defendant swore, and he was corroborated by the officers, that they did not have a search warrant for the search of the truck, nor a warrant of arrest for the defendant. The officers did not contend that the defendant violated any law in their presence, and their sole basis for stopping him was upon suspicion that he was transporting whiskey by reason of a report that had been made to them by an individual who purportedly saw several cases of whiskey transferred from a green panel truck to a black panel truck, which answered the description of the truck being driven by the accused at the time the search was made.

The search was made on mere suspicion and if the defendant had owned the property which was searched or had any proprietary interest in it, the motion to suppress would have been good. However, on cross-examination of the defendant at the time he testified in support of his motion to suppress, he testified that he owned a garage known as the J. & B. garage, that the Dodge panel truck

had been brought into his garage for repair, that at the time of the transportation of the whiskey he had taken the truck from his garage without the knowledge or consent of the owner. He testified he did not know the name of the owner. Under such a state of facts, the court properly overruled the motion to suppress evidence, because it is well settled that:

"The constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights." Trent v. State, 95 Okla. Cr. 225, 242 P. 2d 470, 471.

For other cases following this rule, see Tacker v. State, 72 Okla. Cr. 72, 113 P. 2d 394; Edwards v. State, 94 Okla. Cr. 11, 228 P. 2d 672; Combs v. State, 94 Okla. Cr. 206, 233 P. 2d 314; State v. Simpson, 91 Okla. Cr. 418, 219 P. 2d 639.

The judgment and sentence of the county court of Comanche county is affirmed.

POWELL, P. J., and BRETT, J., concur.