**Mike MICKLICK, Plaintiff In Error,**

v.

**The STATE of Oklahoma, Defendant In Error.**

**No. A–12144.**

Criminal Court of Appeals of Oklahoma.

July 6, 1955.

Rehearing Denied July 20, 1955.

Hill & Nix, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

The plaintiff in error, Mike Micklick, hereinafter referred to as defendant, was tried and convicted in the county court of Pittsburg County for the offense of unlawful possession of intoxicating liquor with the intent to sell. A jury was waived and the case tried before the court, who found the defendant guilty as charged, and assessed punishment at 90 days in the county jail, and a fine of $200 and costs.

But one question is presented, and being whether the evidence relied upon by the State for a conviction was obtained by reason of an illegal and void search warrant.

Prior to trial there came on for hearing a motion to suppress the evidence. The defendant testified and identified the copy of the search warrant served on him on the night the officers searched his beer tavern at 401 North Main Street, McAlester, as well as a vacant adjoining building at 403 North Main. Defendant stated that he lived in a trailer back of his place of business at the time. He denied owning, having under lease or control the vacant building at 403 North Main. He said that lot and building were owned by a Mr. Dick Flesher and being where the liquor was found.

It was shown that the original search warrant had been used in a proceeding to cancel defendant's beer license and had become misplaced and that the copy was a carbon copy of the original and bore the signature of the issuing magistrate, but that it did not contain the return of the sheriff that in due course would have been made on the original warrant prior to its return and filing with the magistrate. Tit. 22 O.S. 1951 § 1233. The parties stipulated that the copy might be received in evidence. The court admitted in evidence the copy offered, and the pertinent portion reads:

"State of Oklahoma, to Sheriff, Deputy Sheriff, Constable or any Policeman of Pittsburg County, Greeting:

"Whereas, it has been made to appear to the undersigned, by proof of affidavit, made this day by Peen Richardson, before me, a justice of the peace of McAlester district, Pittsburg County, State of Oklahoma, that intoxicating liquors are being stored, kept and sold in violation of law upon and about the following described premises situated in said county and state, to-wit:

"Beer tavern known as Roy's Place, located at 401 North Main in the city of McAlester, Oklahoma, 403 North Main, brick building with corrogated iron addition on the rear. Commonly known as City Upholstering Shop. together with all outbuildings, places and premises used and connected therewith.

"You are therefore hereby, in the name and by the authority of the State of Oklahoma, commanded to make diligent search of said premises, and seize and take into your custody all such liquors there found, together with the vessels in which they are contained, and all implements, furnitures used or kept for such illegal keeping, furnishing, storing and selling of such liquors, and safely keep the same, and of this warrant make due return within three days from date hereof, showing all acts and things done thereunder. You are further commanded to make said search in the day-time or night-time.

"Witness my hand at McAlester, Oklahoma, in said County, this Jan. 15, 1953.

"Ed Sittel
"Justice of the Peace."

It was the contention of defendant that by reason of the warrant bearing date of issuance in "1953" that it was void as not having been served and returned within ten days after issuance, as provided by statute. Tit. 22 O.S.1951 § 1231.

The State produced as a witness Ed Sittel, the justice of the peace who issued the search warrant. He identified his signature appearing on defendant's Exhibit B, as a carbon copy of the search.

warrant that he issued on January 15, 1954 for the search of the properties described therein, and being No. 401 and No. 403 North Main, McAlester. He stated that the date "1953" should have been "1954" and that the "3" was a typographical error, as "4" was intended by him in the preparation of the search warrant, and January 15, 1954 being the date actually issued.

It was brought out on cross-examination that the justice of the peace did not, as good business practice would dictate, keep a docket or journal where he would list all search warrants issued. He said that his method was to keep envelopes dated by the year; that he would issue search warrants on affidavit. If the search warrant was never served that apparently ended the matter and there was no further record, but if the search warrant was served, then the original would be returned by the officer showing service and a list of the contraband sought and found. In this case it had been shown as heretofore recited, that the original search warrant had been used in evidence in an action to cancel defendant's beer license and had been misplaced, and by stipulation the signed copy had been substituted.

The defendant admitted that the search warrant was actually served upon him at about 10 p. m. the night of January 15, 1954. The court overruled the motion to suppress, which was based on the proposition that it was an unlawful, illegal and void search warrant and was not issued, served and returned according to law, and was void on its face. The court in connection with the evidence of the issuing magistrate, apparently took into consideration the fact that in January of any year with many persons it is difficult to right away get out of the habit of dating letters and instruments with the year just passed. He found that the search warrant was actually issued on January 15, 1954, rather than January 15, 1953, and overruled the motion to suppress. The effect of this was to amend the return to speak the truth by showing the year of issuance of the search warrant 1954, rather than 1953.

By Tit. 22 O.S.1951 § 1273, it is provided, in part:

"Neither a departure from the form or mode prescribed in this chapter in respect to any pleadings or proceeding, *nor an error or mistake therein, renders it invalid,* unless it has actually prejudiced the defendant or tended to his prejudice, in respect to a substantial right." (Emphasis supplied.)

From the evidence submitted (and the burden of proof was on the proponent of the motion, Fulbright v. State, 96 Okl. Cr. 36, 248 P.2d 651; Farmer v. State, 86 Okl.Cr. 308, 192 P.2d 716) we do not discover where the mistake or typographical error in dating the search warrant as described, prejudiced the defendant or affected any substantial right of the accused.

Counsel for defendant further argues that the search and seizure was illegal because he says that the sheriff failed to make a verified return on the original search warrant in compliance with Tit. 22 O.S. 1951 § 1233, showing the manner of service, together with a written inventory of the property taken by him on the warrant.

We do not discover any evidence showing whether the sheriff did or did not make a return. The action of the officers with reference to the search warrant would have been stated on the original search warrant, which was not introduced in evidence. The burden, as stated, was on the proponent of the motion to suppress. But aside from that, this court in many cases has passed on the question raised, and we have said that a search warrant otherwise valid, which has been executed within ten days from the time it was issued, is not rendered invalid by failure of the officer to make return. See Shiever v. State, 94 Okl.Cr. 37, 230 P.2d 282; Williams v. State, 95 Okl.Cr. 131, 240 P.2d 1132, 31 A.L.R.2d 851; Hensley v. State, 53 Okl. Cr. 22, 3 P.2d 211; Patterson v. State, 67 Okl.Cr. 98, 92 P.2d 1079; Crim v. State, 68 Okl.Cr. 390, 99 P.2d 185.

The fact that defendant on the motion to suppress testified that he did not own the property at 403 North Main where

the liquor was found, and that the officers found no liquor at 401 North Main where his beer tavern was located would not, standing alone, be a ground for suppression of any evidence obtained by such search.

In the case of Combs v. State, 94 Okl.Cr. 206, 233 P.2d 314, 317; we said:

"The constitutional provision guaranteeing one immunity from unlawful search and seizure belongs only to the person, effects and premises of the party whose property is searched, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights."

Also see Trent v. State, 95 Okl.Cr. 225, 242 P.2d 470.

So far as the motion to suppress is concerned, the fact that liquor was found on the vacant property at 403 North Main could not prejudice defendant, and the mere discovery of liquor there would not be evidence of defendant's possession. If, however, on trial the State could show that the defendant actually had intoxicating liquor surreptitiously or actually stored on said property, such proof would on the development of the evidence, be admissible.

We conclude that the court did not err in overruling the motion to suppress.

At the trial the defendant did not testify and offered no evidence.

The evidence on the part of the State developed that deputy sheriff P. L. Richardson on January 15, 1954 went to a building located at 403 North Main, McAlester. There was a tin shed built on the west end of the building and a sliding door on the south side of the shed. Witness pulled the door out and entered the shed and discovered forty half pints of liquor. He went on into the main building and watched the place of the defendant at 401 North Main, and saw him come out of the back door and come to the front of 403 North Main, look up and down the street, open the screen door, reach down and pick up something, put it in his pocket, turn and walk back to 401 North Main, and in a short time a car pulled out. Witness then went up to the front door to investigate and found three half pints of liquor lying between the screen door and the wooden door, and thereafter three different cars pulled in, and each time the defendant repeated the procedure first observed by witness. He thereafter observed defendant coming toward the tin shed and witness waited for a while and then jumped up and turned on his flash light but did not see defendant in the building, but did discover eight more half pints so arranged inside the building that it was not necessary to come in to get the liquor, but that it could be gotten by running one's arm inside and picking up a bottle. Witness figured that defendant had seen the flashlight when he turned it on, so he went out and telephoned the sheriff to get a search warrant for 401 North Main and 403 North Main. Witness waited until Sheriff Dee Sanders and Deputy Mike Mayfield arrived with a search warrant, at which time witness served the warrant on the defendant and the liquor that was placed around in the building at 403 North Main was taken into possession. No liquor was found at the beer tavern at 401 North Main. The defendant was placed under arrest. It was developed that the beer tavern building in question and the building at 403 North Main were approximately 50 feet apart.

Sheriff Dee Sanders testified to on the night of January 15, 1954 receiving a telephone call from Deputy Richardson and thereafter obtaining search warrant from justice of the peace Ed Sittel to search 401 and 403 North Main, McAlester. He said that they found forty-eight half pints of liquor at 403 North Main, and arrested Mike Micklick on whom they served a copy of the search warrant.

The testimony of Deputy Mike Mayfield was substantially as that of Sheriff Sanders.

The defendant's demurrer to the evidence of the State was overruled and the court entered judgment finding the defendant guilty as charged. Sentence day was set for October 26, 1954, at which time the court fixed the penalty at a fine of $200 and confinement in the county jail for a period of ninety days.

In summary we see that had the true owner of the building at 403 North

Main, McAlester, been charged with illegal possession, on timely objection it would have been the duty of the court to have suppressed the evidence, but the defendant herein denied ownership or control of said building so that he could not complain of the illegal entry of deputy sheriff Richardson in the first place. But from defendant's testimony, he too, not having any right to use No. 403 North Main Street for his purposes or any purpose, the testimony of Deputy Richardson to seeing him make trips there to get at least three of the fifty-one half pints of liquor that he actually saw, to deliver to his customers, was sufficient evidence, if believed by the court, to support the judgment entered.

The defendant did not testify on trial, so the record fails to show previous convictions of the defendant, if any there have been, or to negative previous conviction. The record, therefore, is not such as would justify this court in interfering with the judgment of the trial court by way of modification, as asked by counsel.

The judgment appealed from is affirmed.

JONES, P. J., and BRETT, J., concur.