David ELLSWORTH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12275.

Criminal Court of Appeals of Oklahoma.

March 14, 1956.

Harold M. Shultz, Jr., Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, David Ellsworth, defendant below, was charged in the County Court of Craig County, Oklahoma, by information with having committed the offense, on or about the 21st day of February, 1955, of unlawful transportation of intoxicating liquor. The matter came for hearing on the motion to suppress. After hearing thereon, it was stipulated the case would be submitted on the merits on the evidence taken on the motion to suppress. The trial judge found the defendant guilty and imposed a sentence of $100 fine and 30 days in jail, from which this appeal has been perfected.

The defendant contends that the trial court erred in overruling his motion to suppress. Briefly, the facts disclose that the defendant was driving along on Highway 66 outside of Vinita, Oklahoma, where the highway turns to the right from west to north. Instead of turning north, he continued straight ahead on a county road which continues west. The Highway Patrol car, driven by Patrolmen Ballard and Rogers, was proceeding south on Highway 66 before the same turns to the east. It appears that at this point, they met the defendant as he went off the highway. They testified he gave no signal of his intentions so to do, and they had to slow down to keep from hitting him. Under the rules of the road the defendant proceeding

straight ahead was not required to give a signal. 47 O.S.1951 § 121.5 (Duty to signal). They stated that he was driving 40–45 miles per hour, not an excessive speed, and they proceeded to follow him and placed him under arrest. Ordinarily, a minor traffic violation will not support a search and seizure. Brinegar v. State, 97 Okl.Cr. 299, 262 P.2d 464. The officers admitted there was no other traffic on the highway and they did not advise the defendant of the supposed violation but placed him in jail for investigation. The grounds relied on to support the arrest and subsequent search appear to be a mere subterfuge.

Moreover, after he was stopped, they inquired of his driver's license, which he produced, but admitted the automobile did not belong to him and stated the automobile belonged to a man who had been killed earlier in the day, in Missouri. The defendant stated, however, that he had permission to drive the car. The officers then proceeded to search the automobile, without a warrant, where they found a half-filled pint bottle of gin in the seat. Further search of the automobile disclosed in the trunk the quantity of whiskey alleged in the information. The defendant denied to the officers his knowledge and ownership of the whiskey seized. The officers stated they always suspected that an automobile going down a country road was carrying whiskey.

 Thus, it is clearly apparent that the arrest is predicated upon suspicion. It could not be legalized by what it disclosed. The search must be justified by the steps that preceded it. Edwards v. State, 83 Okl.Cr. 340, 177 P.2d 143, 147. The partially filled bottle of gin played no part in the arrest, it was discovered after the unlawful arrest based on suspicion. Hence, the search and seizure was not incident to a lawful arrest, or upon probable cause of the commission of a felony, but upon mere suspicion and is a violation of the Bill of Rights, Art. 2, § 30, Oklahoma Constitution. Hoppes v. State, 70 Okl.Cr. 179, 105 P.2d 433; Johnson v. State, 92 Okl.Cr. 63, 220 P.2d 469.

 The State contends the defendant's denial of ownership of the automobile and whiskey strips him of his right to object to the search and seizure, since the automobile was owned by a third person, citing Reece v. State, 97 Okl.Cr. 115, 259 P.2d 336; Kizer v. State, 96 Okl.Cr. 92, 249 P.2d 132; Tacker v. State, 72 Okl.Cr. 72, 113 P.2d 394; Trent v. State, 95 Okl. Cr. 225, 242 P.2d 470. But, in these cases both ownership and proprietary possession and control were denied. The clear distinction in these cases relied on by the State and the case at bar is apparent. Here, the evidence supports the defendant's claim that he had lawful possession of the automobile, or a proprietary interest therein. Hence, the incidental rule announced in Reece v. State, supra [97 Okl.Cr. 115, 259 P.2d 336], is applicable herein.

" * * * if the defendant had * * any proprietary interest in it, [automobile] the motion to suppress would have been good."

It is apparent that this defendant was, for the time being, a lawful bailee, whose possession was good against the world, except as to the heirs of the deceased. The defendant's possession of the automobile being lawful and absolute, even though temporary, the trial court should have sustained the motion to suppress since the search was void ab initio, being founded upon suspicion, and the defendant's possession being such as to avail him of the constitutional protection.

For these reasons, the judgment and sentence is reversed.

JONES, P. J., and POWELL, J., concur.