Donald Earl BRUMLEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15361.

· Court of Criminal Appeals of Oklahoma.

April 21, 1971.

George W. Wulff, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. Nelon, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge.

Donald Earl Brumley, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Oklahoma County for the offense of Burglary in the Second Degree, After Former Conviction of a Felony; his punishment fixed at thirteen (13) years imprisonment, and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial revealed that on January 26, 1969, Ben Mitchell was the manager of the Trade Winds Motel in Oklahoma City. He testified that on the night in question he was called to the motel and observed that the door on room 231 had been pried open and a television set had been removed from its usual location. Pinky Crawford, the assistant housekeeper of the motel, testified that on January 26, 1969, she checked room 231. It was unoccupied and the television set was sitting on the dresser.

Officer Tiller testified that at approximately 10:00 P.M. on June 26, 1969, he and a fellow officer were parked across the street from the motel. He observed a 1967 Pontiac pull into the motel and a Negro person and a white person get out of the vehicle. They walked up the stairs and paused momentarily at several rooms. They turned into a breezeway where room 231 was located and outside the field of vision of the officer. After several minutes the white subject came back down the breezeway. An employee of the motel came through a breezeway on the lower floor and the white subject pressed himself to the wall. The subject went back in the direction of room 231 and shortly thereafter ran down the breezeway and got into the car. He picked up the other subject and left the motel. The officers followed the vehicle and after observing it straddle the lane, stopped the automobile. The defendant was driving the car and the Negro occupant was identified as Leonard Houston. He radioed for help and after another police unit arrived, he returned to the motel. He checked the area where the persons had been observed and found pry marks on room 231 and the television set sitting on the floor. He identified several pictures taken at the scene, including a picture showing a screwdriver next to the pry marks on the door.

Officer Dozier testified that he was with Officer Tiller and testified substantially as did the previous witness. He and another officer searched the car and found a screwdriver under the front seat which was admitted into evidence over the defendant's objection. He testified on cross-examination that the defendant was issued a citation for straddling the lane but didn't know the disposition of the case. The defendant and Houston were taken to jail.

Officer Burke testified about taking photographs of the scene and obtained a fingerprint from the television which matched a known fingerprint of Leonard Houston. He testified on cross-examination that he dusted the whole front section of the room and did not find any fingerprints of the defendant.

The defendant testified in his own behalf and he took Leonard Houston to the motel as a favor. Houston, whom he had known for a few days, requested that he take him to the motel to see someone who owed him money. He went up the runway with Houston to make sure that the person that owned the money was there. He went back to his car and picked Houston up and left the motel. He did not break into room 231 or have any knowledge that Houston had broken into the room. He admitted a prior conviction for armed robbery.

The defendant asserts twelve propositions of error, only one of which is necessary to be discussed in this opinion. The defendant's contention that the arrest and subsequent search was illegal is well taken. The officer testified that:

"We turned around and started following the vehicle. It went to 31st Street and made a right, traveled east on 31st Street to North Lincoln, made a right, traveled south on Lincoln Boulevard to Northeast 26th Street, where it made a turnabout and started back north on North Lincoln. We were behind the vehicle at the time, in the thirty-one hundred block of North Lincoln. We saw the vehicle straddle the traffic lanes; this being the outside or the right hand lane of the middle lane, three-lane road going north. The vehicle then went to Northeast 32nd Street where it made a right turn and we stopped it in the seven hundred block.

"Q. Why did you stop it?

"A. For lane straddling, sir." (Tr. 36–37)

This Court has consistently held that the facts to support the conclusion of arresting officers that a misdemeanor was being committed in their presence must be free from subterfuge and sufficient to justify an arrest without a warrant, and if the evidence is not sufficient, then the arrest cannot be made valid and cannot be justified and saved by what it brings to light. Shirey v. State, Okl.Cr., 321 P.2d 981 (1958). See also, Fields v. State, Okl.Cr., 463 P.2d 1000 (1970); Bagwell v. State, Okl.Cr., 327 P.2d 479 (1958); Ellsworth v. State, Okl.Cr., 295 P.2d 296 (1956).

In the instant case it is apparent that the officers became suspicious from observing what transpired at the motel. They followed the defendant's vehicle for some fourteen blocks before observing the car straddle the center line of a three-lane street. The defendant and the passenger were arrested and taken to jail on the basis of this arrest. We are of the opinion that the only logical hypothesis is that the arrest was clearly a subterfuge to justify stopping and searching the car and that the motion to suppress the screwdriver was improperly overruled. We further note the unlikelihood of arresting the passenger of a vehicle and placing him in jail for a minor traffic violation.

The Judgment and Sentence is accordingly reversed and remanded for a new trial with the following directions; the evidence of the screwdriver should be suppressed, an instruction of circumstantial evidence should be given, and the State should be prepared to introduce competent evidence to support the allegation of former conviction of a felony.[1]

Reversed and remanded.

NIX and BRETT, JJ., concur.

---

1. The defendant contends in his brief that his attorney improperly stipulated to the former conviction.