Argued September 15, affirmed October 12, 1926.

# STATE *v.* A. H. HILTON.

### (249 Pac. 1103.)

**Rape—Indictment for Statutory Rape Need not Allege That Prosecutrix was not Defendant's Wife (Const., Art. I, § 11; §§ 1437, 1912, Or. L.).**

1. Since under Section 1912, Or. L., crime of statutory rape is not contingent upon fact that victim was not defendant's wife, indictment's failure to so specify did not affect its validity, facts constituting offense being set forth clearly enough to properly inform defendant, as required by Constitution, Article I, Section 11; Section 1437, Or. L.

**Rape.**

2. Refusal, in statutory rape case, to permit defendant to testify that he demanded physical examination of prosecutrix at preliminary examination *held* proper.

**Criminal Law—Searches and Seizures—Defendant's Diary Held not Inadmissible, as Obtained by Unlawful Search and Seizure (Const., Art. I, § 9).**

3. Where lumber company's agent, successor to defendant, upon discovering defendant's diary left at office, consented to its removal by prosecutor in statutory rape case, diary was not inadmissible as obtained by unreasonable search, in violation of Constitution, Article I, Section 9.

---

Criminal Law, 17 C. J., p. 368, n. 5.

Rape, 33 Cyc., p. 1440, n. 96, p. 1441, n. 4, p. 1442, n. 10, p. 1486, n. 12.

Searches and Seizures, 35 Cyc., p. 1264, n. 1, p. 1269, n. 40, p. 1272, n. 66.

## From Sherman: D. R. Parker, Judge.

## Department 2.

The defendant was accused of the crime of rape upon the body of a girl under the age of sixteen years. He interposed a demurrer to the indictment upon the ground that it failed to state facts sufficient to

---

1. See 22 R. C. L. 1198.

3. Admisibility of evidence secured by search of the property of a third person, see note, in 41 A. L. R. 1151. See, also, 24 R. C. L. 723.

constitute a cause of action. The court overruled the demurrer. Thereupon he entered a plea of not guilty, was placed on trial, convicted, and sentenced to serve three years in the penitentiary. On appeal, the defendant asserts that the trial court erred in overruling the demurrer, in receiving certain evidence over his objection, and in sustaining the objection of the prosecution to evidence offered by him.

AFFIRMED.

For appellant there was a brief and oral argument by *Mr. Frank G. Dick.*

For respondent there was a brief over the names of *Mr. Francis T. Wade,* District Attorney, and *Mr. S. E. Van Vactor,* with an oral argument by *Mr. Wade.*

BROWN, J.—The defendant was charged by indictment with the crime of violating the provisions of the following statute:

"If any person over the age of sixteen years shall carnally know any female child under the age of sixteen years * * such person shall be deemed guilty of rape * * ." Or. L., § 1912.

The offense laid in the indictment was alleged to have been committed on March 2, 1925, the fifteenth birthday of Pearl Mitchell, the prosecutrix, who was at that time attending the public schools at Kent, Oregon, and taking music lessons from the defendant. Hilton, the defendant, a man thirty-three years of age, had been twice married, and was then living at Kent with his second wife. He was employed as clerk for the Tum-A-Lum Lumber Company, and was likewise engaged in teaching music.

According to the tale the little girl unfolded upon the witness-stand, Hilton had represented to her that he was unhappily married, and that he intended to procure a divorce and make her, his music pupil, his bride. He gave her presents, such as candy, his photograph, some cheap jewelry, and small amounts of money. The record fairly sizzles with evidence of · the girl's mad infatuation for her music teacher. Writings passed between them that bore the stamp of their wrongful relations. Their persistent association with each other supplied the village gossips with a subject for discussion until the moral sense of the good people of Kent was shocked. Events then followed rapidly. Soon the girl told her story, and Hilton, her music teacher, became Hilton, the defendant in a case of statutory rape. Unquestionably there is a sufficiency of incriminating evidence to sustain a verdict.

1. The defendant contends that, where carnal knowledge of a girl under the statutory age of consent is relied upon to sustain the charge of rape, as in the case at issue, the indictment must contain an averment that the prosecutrix is not the wife of the defendant. In other jurisdictions, there is authority to this effect. These decisions, however, have no application to our statute defining rape. In this jurisdiction, it is unnecessary for the indictment charging rape to allege that the prosecutrix is not the wife of the accused, because the statute defining the offense does not make the crime of rape contingent upon the fact that the victim is not the wife of the accused. For a further discussion of this subject, see the recent case of *State* v. *Edy*, 117 Or. 430 (244 Pac. 538). The indictment in the case at bar sets forth in ordinary and concise language all the facts necessary to constitute the offense charged, and thus informs the

defendant of the nature and cause of the accusation against him: Or. Const., Art. I, § 11; Or. L., § 1437.

2. The defendant asserts that the court erred in refusing to permit him to testify that, at his preliminary examination, he demanded that the prosecutrix submit to a physical examination by a physician. Proof that the defendant requested a physical examination of the prosecutrix to procure evidence would not tend to his exculpation, and the refusal of the court to permit the witness to answer prejudiced none of his substantial rights: Underhill on Criminal Evidence (3 ed.), § 615.

3. The defendant attempts to raise the question of the admissibility of certain evidence obtained by an alleged illegal search. The Constitution emphatically prohibits unreasonable search, and it guarantees "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable search or seizure." Or. Const., Art. I, § 9.

The district attorney and deputy sheriff obtained possession of a diary belonging to defendant, which contained certain entries that were damaging to defendant's case, and the defendant filed a petition in the Circuit Court requesting the return thereof. On hearing the matter, the court held against the return of the diary, upon the ground that it had not been obtained as the result of an unreasonable search. Thereafter, entries claimed to have been made by the defendant, that had a tendency to corroborate the story of the prosecutrix, were admitted into the record as evidence over defendant's objection. The defendant's diary was not obtained as the result of an unreasonable, or any, search. The term "search," as used in the Constitution, has been defined as follows:

"Search implies invasion and quest, and that implies some sort of force, actual or constructive, much or little." *State* v. *Quinn,* 111 S. C. 174 (97 S. E. 62, 3 A. L. R. 1500).

Neither was the diary obtained from the defendant's house, person or effects.

It has been held that an accused cannot object to evidence procured by search of the property of a third person. See the authorities collated in a note, 41 A. L. R., p. 1151. The record discloses that the defendant was arrested at The Dalles and later incarcerated in the county jail of Sherman County. He had been employed by the Tum-A-Lum Lumber Company and after his arrest the company sent another agent to Kent to take charge of its affairs and property. In the company's office its agent came upon the defendant's diary, which he read, and, noting the contents of three certain entries therein and believing them to constitute important evidence in the prosecution of this cause, he gave out information which led the deputy sheriff and district attorney to visit him at the company's office. They asked to see, and the witness showed them, the diary, and he impliedly gave his consent to their removal of the same from the office. Under this state of facts, we cannot hold that the circuit judge abused the discretion vested in him by law in refusing to return the diary and in admitting the entries into the record as evidence: 24 R. C. L., "Search and Seizure," § 27.

The question of the admissibility of evidence obtained as a result of an unreasonable search is not presented by the record before us.

The judgment is affirmed.      AFFIRMED.

McBRIDE, C. J., and BEAN and COSHOW, JJ., concur.