## J. H. COLBY v. STATE.

No. A-8785.  June 7, 1935.
(46 Pac. [2d] 377.)

Cook & Bingaman and Williams, Cowan & Benedum, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DOYLE, J.  Plaintiff in error was convicted in the district court of McClain county of receiving stolen proper-

ty upon an information in substance charging that he did feloniously buy and receive from one Roland Baker one "Chime Alarm Big Ben Westclox clock knowing said property had been stolen by the said Roland Baker." The jury by their verdict fixed his punishment at imprisonment in the county jail for a term of six months and a fine of $250. A, motion for a new trial was overruled. To reverse the judgment rendered on the verdict, he appeals.

The errors assigned and argued are that the court erred in overruling plaintiff in error's application for a change of venue and his supplemental application for a change of venue; that the court erred in overruling plaintiff in error's motion to quash the jury panel; that the court erred in giving instruction No. 4; that the evidence is insuffici nt to support the conviction; and alleged misconduct o'. the county attorney in commenting on the fact that the defendant did not take the witness stand in his own behalf.

From the testimony, it appears that plaintiff in error is a practicing physician in the city of Purcell and has been practicing medicine there for more than thirty-five years last past, that some time in June, 1932, he received from Roland Baker a Big Ben Westclox clock. The testimony of Roland Baker given at the preliminary examination was read into the record. His testimony in substance was that his age is thirty-one years, living for the past four or five years in Oklahoma City, addicted to the use of morphine at the time, passing through Purcell went to Dr. Colby's office to get a shot of medicine, told Dr. Colby of the fact he was addicted to the use of morphine, that he was sick and needed a shot of medicine. He further testifies:

"Q. Did you let Dr. Colby have a black clock?  A. I let him have one, I couldn't identify it.

"Q. What kind of a looking clock was it?  A. Looked something like that.

"Q. Where did you let him have that one?  A. Up to his office.

"Q. Did you try to sell a similar clock to a fellow by the name of Fisk?  A. I don't remember.

"Q. Dutchman, little fellow lives out there by Doc's house?  A. I don't remember.

"Q. How many clocks did you let Dr. Colby have?  A. Just one black clock.

"Q. Where did that come from?  Did you steal it?  A. I got it down at Wayne.

"Q. Do you remember where you got it?  A. Drug store, I don't remember the name of it.

"Q. How much did you get for the clock?  A. He gave me a shot of dope for it.

"Q. Gave you a shot of dope for the clock?  Did he ask you where you got the clock?  A. No, sir.

"Q. Did you tell him you didn't have any money?  A. No, I didn't tell him that.  I left the clock."

He further testified that two or three days before he sold Dr. Colby two or three paint brushes for 25 cents.

The transcript of the testimony covers more than 500 pages, but the foregoing is in substance the material testimony in the case.

Upon a careful examination of the record, our conclusion is that the judgment in this case cannot be permitted to stand.

In the case of Weaver v. State, 30 Okla. Cr. 309, 235 Pac. 635, 636, it is said:

"The elements making up this offense are: First, the receiving of any personal property of some value upon any consideration; second, that said property had been stolen; third, knowledge on the part of the one receiving that it had been stolen. These elements must be proven in order to warrant a conviction in any case, and where the sufficiency of the evidence to establish any one of these essentials is lacking, a conviction cannot be sustained. Proof of these different elements may be made as in any other criminal case. They may be made by direct and positive evidence, or they may be proven by circumstances. As any essential fact in a criminal case, they must be proven, of course, beyond a reasonable doubt. Guilty knowledge on the part of one accused of receiving stolen property is generally not capable of being proven by direct and positive evidence, but must depend on circumstances. What circumstances will be sufficient cannot be stated by any fixed rule, but there should be such circumstances as point conclusively to the guilt of an accused."

In the instructions given by the court No. 4 is as follows:

"You are further instructed that if you find and believe from the evidence in this case beyond a reasonable doubt that at the time said clock was purchased by the said defendant that he knew that said clock had been stolen, or that he knew such facts as made him believe that said clock was stolen, and in determining whether he had such guilty knowledge you will take into consideration all the facts and circumstances which have been proven in evidence, and you will consider the time and manner of receiving said clock, the person from whom he received it, his conduct with it afterwards towards said property, and all other facts and circumstances, and if after such consideration you find beyond a reasonable doubt that the defendant knew that the clock was stolen at the time he received the same and that he received it under those circumstances, that is sufficient as to his knowledge of its being stolen, and if you find these facts beyond a reasonable doubt, and also find the other facts necessary to constitute the crime

charged, beyond a reasonable doubt, then it will be your duty to find the defendant guilty and fix his punishment as hereinbefore defined.

"Objected to by defendant, overruled, exceptions allowed defendant.

"W. G. Long, District Judge."

The underlying vice in the foregoing instruction is in the assumption that the defendant purchased and received from the self-confessed thief the property in question. It clearly invades the province of the jury in that it assumes the testimony of the witness Baker to be true. Analyzing this instruction, the court states: "At the time said clock was purchased by said defendant," and further states, "And you will consider the time and the manner of receiving said clock," in the further statement, "That defendant knew then that the clock was stolen at the time he received the same and that he received it under those circumstances."

The trial court is never warranted in giving an instruction which has the effect of determining controverted questions of fact. Moody v. State, 11 Okla. Cr. 471, 148 Pac. 1055.

The law requires the court, not only to abstain from positive expression as to the weight of the evidence, but to avoid even the appearance of an intimation as to the facts, and to so guard the language of its charge to the jury, which is the law of the case, that no inference, however remote or obscure, may be drawn by the jury as to the weight of the evidence. Monagham v. State, 10 Okla. Cr. 89, 134 Pac. 77, 46 L. R. A. (N. S.) 1149.

It follows from what has been said the giving of said instruction constitutes reversible error.

We deem it unnecessary to discuss the other questions presented in the briefs. For the reasons stated, the judgment of conviction is reversed and the case remanded

DAVENPORT, P. J., and EDWARDS, J., concur.