## POTTER v. STATE.

No. A-11253.   Feb. 21, 1951.

(228 P. 2d 204.)

Leon J. York and Brown Moore, Stillwater, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

JONES, J.   The defendant, Roscoe Potter, has appealed from a conviction sustained in the county court of Payne county for the unlawful possession of intoxicating liquor.

The following assignments of error are presented: First, the evidence was insufficient to sustain the conviction. Second, the court erred in giving certain instructions. Third, the county attorney was guilty of misconduct in his questioning of one of the character witnesses.

The evidence of the state showed that certain officers of Payne county, armed with a search warrant, went to the 160-acre farm of the defendant and there found defendant and Bert Hejduk standing outside of a barn 300 or 400 feet north of defendant's house. Hejduk's brother, Fred, had married the defendant's daughter and was in jail in the city of Stillwater on a whisky charge. Some whisky was found in the back end of Bert Hejduk's car and 18 fifths of whisky were found sitting on some bales of hay inside the barn. Mr. Bradley, the undersheriff, testified that defendant stated, "well boys you got us".

The defendant testified in his own behalf that he was 72 years of age and had never been arrested before in his life; that he was a man of sober habits and did not buy or sell liquor; that he had come to that country in 1889 and had made it his home since that time; that he owned the 160-acre farm where the liquor was found but that he did not own the barn where the liquor was stored, and he did not know the liquor was stored in the barn; that Fred Hejduk, his son-in-law, had built the barn to store a tractor, mower and some hay; that his son-in-law had been engaged in farming and also mowing the meadow north of his place and storing the hay in that barn; that on the morning the officers came to his place he had been plowing the field north of the pasture and had run low in gasoline and had come back to get some gasoline for his tractor. He was talking to Bert Hejduk when the officers drove up; that

he did not make any statement to the officers that would indicate he had anything to do with the whisky as he was not in the whisky business and did not know anything at all about it.

The defendant's wife, daughter and Bert Hejduk all testified that the barn belonged to Fred Hejduk and that defendant was not in the whisky business.

Bert Hejduk further testified that the whisky that was stored at the barn belonged to Bud Jones of Joplin, Missouri, and that it had been stored there a few days previous to the raid; that after his brother was arrested on the whisky charge he decided to go out to the barn and move the whisky for the reason that the barn belonged to his brother and he was afraid the officers might find it and cause his brother more trouble; that defendant had nothing to do with the whisky and did not know it was even stored at the barn. Several neighbors of the defendant testified in his behalf that they had known him for many years and that his reputation in the community where he resided for being a quiet, peaceable, and law-abiding citizen was good, and that issue was not contested by the state.

The testimony of the state was sufficient to make a prima facie case against the defendant and was sufficient to authorize the court to submit the issue of the guilt or innocence of the defendant to the jury for their determination.

Complaint is made to the giving of instruction No. 8 which provides:

"You are instructed that if the defendant had in his possession in excess of one quart of spiritous, vinous, fermented or malt liquor, or, imitations thereof, or substitutes therefor, or any liquors or compounds of any de-

scription whatsoever which contain more than 3.2 per centum of alcohol measured by weight, and which is capable of being used as a beverage, except preparations compounded by a licensed pharmacist, it is prima facie evidence that it was the intent of such defendant to barter, sell, give away or otherwise furnish the same to others unlawfully. The presumption stands until it is overcome by the defendant by competent evidence."

The last sentence in said instruction should not have been given. Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625; Savalier v. State, 85 Okla. Cr. 87, 185 P. 2d 476. In Savalier v. State, this court set forth a model instruction to be given in cases such as this relative to prima facie evidence.

Instruction No. 13 given by the court partially clarified Instruction No. 8 and we would not reverse this case for the erroneous part of Instruction No. 8 standing alone.

However, the court gave instruction No. 11 as follows:

"There has been evidence presented tending to show that the intoxicating liquor was the property of another person, and you are instructed that if you find from the evidence that the liquor *in the defendant's barn* was there with his knowledge and that he was acting as an agent for some one else in storing the liquor and knew that the liquor was being used for illegal purposes, you will return a verdict of guilty against the defendant." (Italics ours.)

The principal issue in the case centered around the ownership of the barn. Defendant and his witnesses specifically stated that the barn belonged to Fred Hejduk. In the above instruction the court assumes that the barn belonged to defendant and this instruction amounted to a comment on the weight of the evidence.

In Moody v. State, 11 Okla. Cr. 471, 148 P. 1055, this court held:

"The trial court is never warranted in giving an instruction which has the effect of determining [controverted] questions of fact."

In Monaghan v. State, 10 Okla. Cr. 89, 134 P. 77, 80, 46 L.R.A., N.S., 1149, this court stated:

"The law requires the court, not only to abstain from positive expression as to the weight of the evidence, but to avoid even the appearance of an intimation as to the facts, and to so guard the language of its charge to the jury, which is the law of the case, that no inference, however remote or obscure, may be drawn by the jury as to the weight of the evidence."

In Colby v. State, 57 Okla. Cr. 162, 46 P 2d 377, this court stated:

"The jury are bound to take the law from the court, and questions of fact are to be determined by the jury. The charge of the court must not invade the province of the jury, and should not extend beyond a plain statement of the law applicable to the case.

"The court has no right in charging the jury to submit any proposition which assumes any particular controverted fact to be proven, which is an expression upon the weight of the evidence or which requires the jury to give more credit to one class of testimony than some other. The jury must be left entirely free to determine all controverted questions of fact."

Of course, under the criminal law all persons concerned in the commission of a crime are principals; 21 O.S. 1941 § 172, and an instruction to this effect should have been given instead of trying to apply the civil law of agency.

Complaint is also made as to cross-examination of one of the character witnesses of defendant, but when this examination is considered together with the testimony

on direct examination, we do not believe it to be improper nor prejudicial.

Because of the giving of the erroneous instructions hereinabove set forth, the cause is reversed and remanded with instructions to grant the defendant a new trial.

BRETT, P. J., and POWELL, J., concur.