# PADGETT v. STATE.

No. A-11576. Oct. 1, 1952.

(248 P. 2d 1055.)

John A. Cochran, Tulsa, for Plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

POWELL, J. Tommy Padgett appeals from a conviction in the court of common pleas in Tulsa county, where he was charged by information with the unlawful possession of intoxicating liquor. Having waived a jury, he was tried by the court. The defendant was sentenced to serve 30 days in jail, and to pay a fine of $100.

On February 6, 1951, counsel for defendant filed a motion to suppress the evidence. On March 22, 1951, the case was set for trial for April 2, 1951, but the motion was heard March 28, 1951. The material part of the motion reads:

"That the affadavit and search warrant, by whose authority said evidence was obtained, was not issued, executed and served according to law; that the affidavit, by whose authority said search warrant was obtained, shows clearly upon its face to be based upon information and belief, and not upon facts actually known to affiant; that the affiant who obtained said affidavit and search warrant did not return same; that the description of said affidavit and search warrant did not cover the property which was actually searched."

The defendant called as witnesses to support the allegation of his motion Officers Jordan and Bradshaw, and the defendant also testified.

The evidence developed that the officers obtained the search warrant in question on January 29, 1951, and that it was served on January 31, 1951, and as a result of the search the officers obtained 62 bottles of whiskey, rum, gin, and wine contained in pint and one-fifth gallon bottles. The search warrant was served on defendant's wife, the accused not being present at the time of the search. The liquor was found in the turtleback of a car in defendant's garage. No whiskey was found in the house. The officers found stacked in the garage empty cases

and whiskey cartons. Defendant Padgett in explanation of the whiskey cartons, testified: "Well most of the stuff is coming in now packaged in lugs and I was saving these boxes to use at a later date, and they had been stored there for some time. In fact, they are still there now."

Defendant testified that the car in which the officers found the liquor, although in his private garage, was not his, nor was the liquor. He claimed that the car belonged to a friend, who stored it in his garage awaiting opportunity to do some mechanical work on it.

The state offered to introduce into evidence the certificate of the Collector of Internal Revenue as to the payment by defendant for a Federal retail liquor dealer's stamp, but defendant immediately admitted the fact to be true.

The affidavit for and the search warrant were offered in evidence. It is not claimed that these instruments are decisive on the face. It is claimed that the affidavit was false and that the testimony of the officers concerning the same supports their claim.

After hearing the evidence of the defendant in support of his motion to suppress the court entered an order overruling the same and set the case for trial for April 3, 1951, on which date counsel dictated a stipulation wherein the defendant waived trial by jury, same being agreed to by the state, and it was also stipulated between the state and the defendant that "the proof heretofore introduced on the motion to suppress may be used in the presentation of proof on trial of case, and that for all purposes it may be considered as the proof in this case, in this action brought by the State and against this defendant."

Both the state and defendant then rested and counsel for the defendant then moved the court for a directed verdict in favor of the defendant, which was overruled and the court found the defendant guilty as charged in the information.

Defendant argues his case under two propositions. He first argues that the affidavit upon which the search warrant was based was false, misleading and fraudulent, and therefore rendered the search void. It is complained that a printed form was used with only the addition of the clause: "I seized wriskey at this location on previous occasions and Padgett is a known bootlegger"; while the officer signing the affidavit admitted on hearing of motion to suppress that he had never obtained liquor at the address stated in the warrant. And while counsel acknowledges that ordinarily the truth of the statement in the affidavit for search may not be attacked, yet the state not having objected to that line of questioning, it is claimed that it waived any objections.

Officer Jordan admitted that he had never obtained liquor at the particular residence of defendant described in the search warrant, but stated that he did at a previous address. Of course, the officer was careless in making such a positive statement in the affidavit, but this would tend to weaken his credibility as a witness in general. However, so far as the motion is concerned, the affidavit contained other positive allegations that were not disproved. The evidence did show that Padgett was a known bootlegger and then possessing a Federal retail liquor dealer's license. Officer Jordan testified that he had "caught whiskey out of cars coming from that place"; that he had observed the house for several weeks and observed known bootleggers going in and out of the place. Said witness:

"We knew that he [defendant] had telephones there and that he was using them for the liquor business, and we knew that he was keeping his cars there, and was using them in the storing and selling of whiskey."

The officers did not know who actually owned the Plymouth car that was found in the garage and containing the whiskey. The defendant did not introduce any title to show in whom title rested and did not produce any witness claiming title to the car.

A careful reading of the affidavit for search warrant discloses that it is positive in form, and sets forth ample facts to justify the issuance of a search warrant. It is not sworn to upon information and belief, but upon personal knowledge.

The court after hearing the evidence held against defendant generally. But it is not necessary for us to consider the sufficiency of the evidence introduced in an attempt to impeach the truthfulness of the allegations therein contained, for this court has held in a long line of decisions that the truth of an affidavit to procure a search warrant, positive in terms, and by a person who has a right to know the facts, is not an issue in the trial of a case in which evidence procured by such a search is offered. See the following cases from this court: Story v. State, 92 Okla. Cr. 131, 221 P. 2d 682; Le Blanc v. State, 95 Okla. Cr. 280, 245 P. 2d 134.

In Linde v. State, 83 Okla.Cr. 268, 175 P.2d 370, 371, in the fourth paragraph of the syllabus, this court said:

"Where an affidavit is filed before a proper officer, positive in form, setting out facts justifying the issuance of a search warrant, the search warrant issued on such affidavit may not be rendered invalid by the evidence attacking the truth of the statements in the affidavit, nor is the admissibility of the evidence obtained by such search warrant affected by proof that the facts therein positively stated were in reality stated upon information and belief."

See, also, to the same effect: Hughes v. State, 85 Okla.Cr. 25, 184 P.2d 625; Perry v. State, 83 Okla. Cr. 162, 174, P. 2d 388; Workman v. State, 83 Okla. Cr. 245, 175 P. 2d 381.

But here even if there was merit to defendant's contention, defendant denied ownership of the car searched and of the intoxicating liquor found. Whether this was or was not his whiskey and his car was a question of fact to be decided on trial. So far as the motion to suppress is concerned, assuming as true his denial of the ownership of the car in which the liquor was found and the liquor therein contained, the validity or invalidity of the search of such car could be of no concern to him. See the recent case of Trent v. State, 95 Okla.Cr. 225, 242 P.2d 470,471, wherein we said:

"The constitutional provision guaranteeing one immunity from unlawful search and seizure is personal, and one accused will not be heard to object that the search of the property or premises of some third person is a violation of his constitutional rights."

Defendant in his second proposition argues that the evidence was insufficient to support the conviction.

It is evident from the facts heretofore stated that this argument is not tenable. It is true that the defendant denied ownership of the whiskey. He denied that the car in the garage was his property. Of course, title to the car could have rested in someone else and still the title to the whiskey could have been in defendant. He might have just been using the car in his liquor business. The surrounding facts too clearly so indicated, because the defendant admitted being in the retail liquor business, having a Federal license, and admitted ownership of several cartons that he used in repacking liquor. The liquor was found in his private garage as distinguished from a public garage. Edwards v. State, 95 Okla. Cr. 37, 239 P.2d 434. Defendant did not contend that the garage was not under

his control and in his possession. Whether the whiskey was his or not was a question of fact to be determined by the jury or the court where jury waived. Potter v. State, 93 Okla.Cr. 352, 288 P.2d 204.

The argument under this proposition that the description was erroneous will not be considered, for the reason that there was no evidence that the garage was under the control of any person other than the defendant, and it would not make any difference who the car belonged to where stored in the defendant's private garage under the circumstances as disclosed by the record. But defendant waived this issue for the reason that at the commencement of the trial counsel stated:

"We make no contention at this time that these premises do not belong to Tommy Padgett; however we do state that the affidavit itself, which was the basis for this search warrant, and the search warrant was based solely on the information there * * *."

We have numerous times held that alleged errors occurring upon the trial of a case must be raised and urged before the trial court and passed upon by said court before this court will consider them on appeal, unless the error assigned raised a jurisdictional question. White v. State, 81 Okla.Cr. 399, 165 P.2d 151. Furthermore, where a jury is raised and a case is tried to the court, his findings as to the guilt of the defendant will not be reversed where there is any competent evidence in the record together with the reasonable inferences and deductions to be drawn therefrom, supporting the court's findings. McCarthy v. State, 91 Okla. Cr. 294, 218 P.2d 397.

Accordingly, the case is confirmed.