THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HAROLD SMITH, Defendant.

County Court, Kings County, August 1, 1962.

*Edward S. Silver, District Attorney (Frank Di Lalla* of counsel), for plaintiff.  *Joseph P. Addabbo* for defendant.

NATHAN R. SOBEL, J.  A hearing has been held on this motion to suppress (Code Crim. Pro., § 813-c).

The search was made without a search warrant.  And, although probable cause to arrest existed, the search was not incidental to and contemporaneous with an arrest.  (*People* v. *O'Neill,* 11 N Y 2d 148.)  In fact the defendant was not arrested until many days later.  Such a search without a search warrant and not incidental to an arrest is a general search and therefore unreasonable.  (*Weaver* v. *United States,* 295 F. 2d 360.)

The sole issue raised is with respect to the '' standing '' of the defendant to move to suppress.

It was hoped that *Jones* v. *United States* (362 U. S. 257) had settled most issues with respect to '' standing ''.  Obviously it has not.  Confusion still exists.  (See cases discussed under

Point II.) But a good part of the confusion results from a misunderstanding of the nature of the *Jones* decision.

## I

What is obviously not understood is that *Jones* is a decision of a *dual* nature. It prescribes one test to determine "standing" when the product of the search is "*contraband*". It suggests quite a different test when the product of the search is either "*fruits*" or "*instrumentalities*". Once this is understood, the problem becomes relatively simple of solution.

Searches and seizures are confined to "fruits" of a crime, "instrumentalities" used in the commission of a crime and "contraband" which it is unlawful to possess. (See my discussion in The Law of Search and Seizure, N. Y. L. J., Dec. 26, 1961, p. 4.)

*Jones,* itself, was a "contraband" case. The court laid down a fixed and definite rule to determine standing in this area. But since the courts below had applied an "interest in the product or premises" test (which is applicable only in the "fruits" and "instrumentalities" area) the court discussed that test too — but in a negative manner — holding that even under such a test, *Jones* had sufficient "interest in the premises" to confer standing.

We thus have a definite rule in the "contraband" cases. But only a suggested rule for the "fruits" and "instrumentalities" area. The latter too, however, is reasonably liberal so as to leave little doubt with respect to the required "interest in the product or premises" required.

Before discussing the two "standing" rules of *Jones* it may be briefly noted why separate rules are necessary in the "contraband" and "fruits and instrumentalities" areas.

In the "contraband" cases (mainly possession of gambling paraphernalia or narcotics) mere finding of possession generally convicts. (Penal Law, §§ 971, 973, 974, 974-a, 975, 982, 986, 986-a, 986-b, 986-c, 1751, 1751-a, 1752.) But in the fruits (e.g., stolen property) or instrumentalities (e.g., forged instruments, marked money, blood stained weapons) mere possession may be completely innocent.

Thus in the "contraband" cases to require a defendant to show ownership or possession of "contraband" as a condition precedent to confer standing, in effect requires an admission of guilt. But no such admission results from a requirement that a defendant show "an interest in the product or premises" searched as a condition to confer "standing" in the "fruits" or "instrumentalities" area.

The dual nature of the *Jones* rule and the necessity for separate rules is made evident in the *Jones* opinion (p. 263): " (1) The same element in this prosecution which has caused a dilemma, *i.e.*, that possession both convicts and confers standing eliminates any necessity for a preliminary showing of an interest in the premises searched or the property seized, which ordinarily is required when standing is challenged. (2) Even were this not a prosecution turning on illicit possession, the legally requisite interest in the premises were here satisfied, for it need not be as extensive a property interest as was required by the courts below ".

The court then proceeds to discuss both rules:—the " contraband " rule at pages 263 to 265; the " fruits and instrumentalities " rule at pages 265 to 267. What evidently has confused the courts in interpreting *Jones* is the generality of the language used in discussing earlier tests (which *Jones* discards) used in the separate circuits on issues of standing. But if what is said with respect to " contraband " cases (pp. 263–265) and " fruits and instrumentalities " cases (pp. 265–267) is confined exclusively to each area and not applied to one another a logical and sensible " standing " rule emerges.

THE CONTRABAND RULE.

" Ordinarily " says the court (p. 261) " it is entirely proper to require one who seeks to challenge the legality of a search * * * that he establish, that he himself was the victim ".

But, reasons the court (p. 263): " [W]e are persuaded by this consideration: [that acknowledgement of ownership or control convicts] to hold to the contrary, that is, to hold that petitioner's failure to acknowledge interest in the narcotics or the premises prevented his attack upon the search, would be to permit the government to have the advantage of contradictory positions as a basis for conviction ".

The court then points out that Jones was convicted at the trial on the theory that he possessed the narcotics at the time of the unreasonable search. But on his pretrial motion to suppress, he was denied relief on the ground that he did not have possession. " The prosecution here thus subjected the defendant to the penalties meted out to one in lawless possession while refusing him the *remedies* [motion to suppress] designed for one in that situation. It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government " (pp. 263–264).

The rule for "contraband" cases was then stated to be (pp. 264–265): "In cases where the indictment itself charges possession, the defendant in a very real sense is revealed as a 'person aggrieved by an unlawful search and seizure' upon a motion to suppress evidence prior to trial. Rule 41(e) should not be applied to allow the Government to deprive the defendant of standing * * * by framing the indictment in general terms, while prosecuting for possession".

Thus the rule in the "contraband" or possession area is clear. The defendant need only show that the People propose to use the "contraband" evidence against him. That showing *ipso facto* confers "standing". The court also adds that we must not look to the indictment to determine whether the charge is in the "contraband" area. Irrespective of how the indictment is framed, if possession of the product or control of the premises convicts, a defendant has standing on a simple showing that the product seized is proposed to be used against him.

It should be noted that this holding of *Jones* was brought to the attention of the Joint Legislative (Bartlett) Commission which drafted our new State procedural statute (Code Crim. Pro., § 813-c). The *Jones* court was considering a rather general statute (U. S. Code, tit. 18, App., rule 41, subd. [e]) which confers standing upon "a person aggrieved". Our new State statute (Code Crim. Pro., § 813-c) however confers standing upon "A person claiming to be aggrieved * * * and having reasonable grounds to believe that the property * * * claimed to have been unlawfully obtained may be used as evidence against him." This is of course the "contraband" rule of *Jones*. It was adopted as a liberal "standing" rule. It is my opinion that the Legislature adopted the same liberal rule to be applicable in both the "contraband" and "fruits", etc. areas. The commission rejected suggested limitations e.g., "legitimately on the premises", etc. As demonstrated, (*infra*), this is in my opinion a wise choice since any other limitation on standing to suppress pretrial does not dispose of but merely postpones decision of the basic constitutional issue of the reasonableness of the search to the trial.

The Fruits and Instrumentalities Rule.

Prior to the *Jones* decision, the lower Federal courts had drawn distinctions between "guests", "invitees", those in "control" or "occupancy" but who lacked possession, "lessees", "licensees", etc.

Jones was either an "invitee" or "guest". He had been permitted to use the apartment occasionally as a friend of the occupant. His home was elsewhere but he had a shirt and a suit in the apartment. He had slept there once. He had been denied "standing" in the District Court and the Court of Appeals had affirmed.

The court held (p. 265) that Jones "made out a sufficient interest in the premises to establish him as a 'person aggrieved'" by the search. The court added (pp. 266–267):

"We are persuaded, however, that it is unnecessary and ill-advised to import into the law surrounding the constitutional right to be free from unreasonable searches and seizures subtle distinctions, developed and refined by the common law in evolving the body of private property law which, more than almost any other branch of law, has been shaped by distinctions whose validity is largely historical".

\* \* \*

"No just interest of the Government in the effective and rigorous enforcement of the criminal law will be hampered by recognizing that anyone legitimately on the premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him. This would of course not avail those who, by virtue of their wrongful presence, cannot invoke the privacy of the premises searched".

This ruling prescribing a liberal "interest in the property or premises" test applicable in the "fruits" etc. area, necessarily did not include each and every contingency which may arise. The court was not in this area prescribing a general rule. It merely decided that even under the "interest in the property or premises" test used by the courts below, Jones had standing.

But the rule prescribed is a liberal one. It is surely broad enough to give "standing" to every owner, tenant, licensee, guest of the fixed premises and their employees. (*Henzel* v. *United States,* 296 F. 2d 650.)

And if the search was made pursuant to a search warrant or incidental to an arrest of another, these persons have standing whether present or absent at the time of search.

In practical effect, the classification is so broad as to encompass any person against whom the product of the search of fixed premises is proposed to be used.

It is my opinion, the definition is broad enough to include any owner, operator or passenger in an automobile.

The only limiting phrase used is " legitimately " on the premises. This would exclude those unlawfully on the fixed premises. Thus occupants of a stolen automobile have no standing to move to suppress. (*State* v. *Pokini*, 367 P. 2d 499 [Hawaii].) Or a person upon the premises for the purpose of committing a crime. (*Britt* v. *State*, 180 N. E. 2d 235 [Ind.] ; *Compos* v. *State*, 356 S. W. 2d 317 [Tex.].)

There are no cases which consider the issue of " standing " with respect to the search of another on the street as distinguished from search on fixed premises or in automobile. But that is simply because the issue does not ordinarily arise. For example if A and B are arrested on the street and an unlawful search of A produces contraband, such possession may ordinarily not be attributed to B. If there is evidence of concerted action, A will generally move to suppress. The order of suppression will prevent the use of the evidence against B. If the unlawful evidence is admitted against A reversal of his conviction also requires reversal of B's. (Cf. *Hair* v. *United States*, 289 F. 2d 894.)

There is little point in discussing the many contingencies which may arise. For a denial of standing does not resolve the constitutional issue but merely postpones decision until the trial.

## II

That the " dual " nature of the *Jones* decision has not been understood is evident from some recent State and Federal decisions.

In *United States* v. *Partounian* (299 F. 2d 486), a " contraband " case, it was held that the defendant, a tenant in process of eviction, had " standing " to move to suppress. Thus the correct result was reached but by applying an " interest in the premises " test rather than the " contraband " test.

In *Belton* v. *State* (228 Md. 17) a narcotics case, it was held that defendant a " guest " in his aunt's home had standing to suppress. Here again a correct result was reached but by applying an " interest in the premises " test rather than the " contraband " test.

In *Miller* v. *State* (137 So. 2d 21 [Fla.]) a contraband case, it was held that a passenger, who was neither the owner nor operator of the automobile searched had no " standing " to move to suppress even though the illegally seized product was used to convict him. This in my opinion is contrary to the *Jones* ruling.

But a proper result in other passenger cases on a proper basis was reached in *Plazola* v. *United States* (291 F. 2d 56) and *Contreras* v. *United States* (291 F. 2d 63).

In *Leveson* v. *State* (138 So. 2d 361 [Fla.]) a gambling paraphernalia case, it was held that the defendant, a married man, had sufficient " interest in the premises " of his girl friend's apartment to move to suppress. A correct result was reached but by application of an " interest in the premises " test instead of the " contraband " test.

In *State* v. *Keeling* (182 N. E. 2d 60 [Ohio]), a gambling paraphernalia case, it was held that the owner of the premises had standing but the accomplices in conducting the gambling operations did not. This result with respect to the accomplices is clearly contrary to the " contraband " test in *Jones*.

In *Huffmeister* v. *State* (170 Tex. Crim. Rep. 460), a gambling paraphernalia case, it was held that an accomplice arrested on the premises had no standing since his codefendant was the owner of the premises. Here the wrong test was used to reach an incorrect result.

In the " fruits and instrumentalities " area where the *Jones* case prescribes an " interest in the product or premises " test, some interesting decisions have been reached.

In *McDoulett* v. *State* (368 P. 2d 522 [Okla.]) a case involving fruits of a burglary, it was held that a mere passenger other than the owner of the automobile had no standing. A similar result was reached in *State* v. *Martin* (347 S. W. 2d 680 [Mo.]).

In *Combs* v. *Commonwealth* (341 S. W. 2d 774 [Ky.]) a case of receiving stolen property, it was held that defendant who resided in his grandfather's home, had no standing to suppress.

In *Ramirez* v. *United States* (294 F. 2d 277) a narcotics case, it was held that a husband has no standing to suppress marked money taken from the person of his wife during a search of the mutual home. Here the money was an instrumentality rather than contraband.

III

A liberal rule on " standing " is required by practical necessity. For a denial of standing to make a pretrial motion to suppress merely postpones until the trial the inevitable decision of the basic constitutional issue.

A defendant may perhaps waive his right to move to suppress by failing to make his motion pretrial. (*United States* v. *Di Donato*, 301 F. 2d 383.) But there is no waiver when the motion is made and denied pretrial for want of " standing ". The issue may nevertheless be raised on the trial. (See Code Crim. Pro., § 813-d.)

For example, in the commonplace gambling or narcotic prosecution (these represent 90% of search and seizure issued in this court) a defendant may be denied " standing " for failure to

show ownership or control of the product or premises. Of course, if on the trial the People are unable to establish such ownership or control, the product of the search is not admissible under ordinary evidentiary rules. But if the People do establish sufficient interest in the property or premises, the defendant may object to its admission on the ground that the evidence is a product of an unreasonable search. The constitutional issue must then be decided.

There is no waiver of this right to be presumed from the denial of the pretrial motion. In *Jones,* to the Government's contention that a waiver resulted, the court said (p. 264) : " The Government's argument to the contrary essentially invokes *elegantia juris.* In the interest of normal procedural requirements, a motion to suppress   *   *   *   must be made prior to trial   *   *   *. The Government argues that the defendant therefore must establish his standing to suppress the evidence at that time through affirmative allegations and may not wait to rest standing upon the Government's case at the trial. The provision of Rule 41(e)   *   *   *   is designed to eliminate from the trial disputes over police conduct not immediately relevant to the question of guilt. [Citing cases.] As codified the rule is not a rigid one for under Rule 41(e) ' the court in its discretion may entertain the motion at the trial or hearing.' This qualification proves that we are dealing with carrying out an important social policy and not a narrow finicky procedural requirement. This underlying policy likewise precludes application of the Rule so as to compel the injustice of an internally inconsistent conviction ".

Our statute (Code Crim. Pro., § 813-d) is more liberal than the Federal rule with respect to the time of making the motion to suppress.

Thus it is pointless to establish a strict " standing " rule. It merely postpones the issue until the trial.

California has adopted a liberal standing rule. The basis for the rule is discussed in *People* v. *Martin* (45 Cal. 2d 755). That case holds that since the reason for the " exclusionary rule " is as a sanction against unlawful police conduct, it should not matter whether the invasion is of the privacy of the defendant or another. (See, also, Note, 55 Mich. L. Rev. 567.)

## IV

A decision in the instant case requires little discussion. This is a " fruits " case. The police found identifiable parts of a stolen automobile on the searched premises.

I find that under our State " standing " statute (Code Crim. Pro., § 813-c) it was the intention of the Legislature to confer " standing " upon any person having reasonable grounds to believe that the product of the search may be used as evidence against him. In effect, I am holding that in this State, the statutory test is the sole test, equally applicable to " contraband " and " fruits " and " instrumentalities." In short, we have codified the California rule.

But even if the Federal rule of standing requiring an " interest in the property or premises " test is applied, the defendant has " standing ".

At the hearing the police officer testified that the fixed premises, a secondhand automobile lot, was registered in the name of the defendant's brother. The " investigation " which led to the search sought to establish that in fact the licensed premises were being operated by the defendant in his brother's name; that in fact, the defendant was the true owner and operator. In this connection there was evidence that he was " employed " on the lot for long periods. This is sufficient to confer " standing " by virtue of his " interest in the premises ".

Since I have found that the search was unreasonable *and* that the defendant has " standing ", the motion to suppress is granted.

I note parenthetically that this is another instance where a contrary finding merely postpones the constitutional issue. If the evidence at the trial establishes that the defendant had no ownership or control of the premises, the finding of the product of the search on the premises is not binding upon him. But if in fact he does exercise ownership or control, the product of the unreasonable search must be excluded from evidence at the trial on the ground that it was unconstitutionally searched and seized.

Since there is other evidence in this case, no order of suppression is necessary. The product of the search will not be admitted on the trial.