Bruce G. Dean, J.
This is a motion pursuant to sections 813-c, 813-d and 813-e of the Code of Criminal Procedure to suppress its use in evidence of a certain Chrysler outboard motor seized under a search warrant of the Tompkins County Court, dated July 20, 1970. It is alleged by defendant that said outboard motor is the product of an illegal search and seizure under a warrant which authorized a search of a storage shed and warehouse of Donald Lucente, at 332 Spencer Road, Ithaca, New York.
The motion of defendant, Harry Evans, to suppress is granted on the law and the facts. The Chrysler outboard motor, as evidence seized under the search warrant, is suppressed in all respects, pursuant to decision of this court in People v. Lucente, rendered concurrently herewith.
*621 Defendant is charged with criminal possession of the said outboard motor as stolen property, which was seized at the warehouse of Donald Lucente under the search warrant of the County Court of July 20, 1970.
At the time of the seizure defendant was an employee of Donald Lucente and the People opposed the motion of Harry Evans on the ground, inter alia, that as an employee he has no standing to question the validity of the said search warrant.
Section 813-c of the 'Code of Criminal Procedure confers standing upon ‘ ‘ A person claiming to be aggrieved * * * and having reasonable grounds to believe that the property * * * may be used as evidence against him in a criminal proceeding”. Jones v. United States (362 U. S. 257) created the concept of automatic standing. In People v. Smith (35 Misc 2d 533, 537) the court (Sobel, J.) discussing standing under the Jones decision, stated that “the rule prescribed is a liberal one.” It is surely broad enough to give standing “ to every owner, tenant, licensee, guest of the fixed premises and their employees ” — whether present or absent at the time of search. In People v. Kramer (38 Misc 2d 889) a guest at a social club was held to have standing, although not an owner or tenant in occupancy “ since the People endeavored to establish a nexus between him and the items seized.”
In practical effect, standing encompasses any person against whom the product of a search of fixed premises is proposed to be used. Since the court has found in People v. Lucente that the search was unreasonable and that the defendant, Harry Evans, has ‘1 standing ’ ’, the motion to suppress is granted.