Argued May 15, reversed and remanded for further proceedings consistent with this opinion June 15, petition for rehearing denied July 25, petition for review denied September 26, 1972

## STATE OF OREGON, *Appellant, v.* RANDALL MURPHY DARRIEN (No. C-71-03-0956 Cr.), *Respondent.*

497 P2d 1204

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Lee M. Zittenfield,* Portland, argued the cause for respondent. With him on the brief were Lekas, Dicey & Marandas, Portland.

Before LANGTRY, Presiding Judge, and FOLEY and FORT, Judges.

LANGTRY, J.

The state appeals from a trial court order suppressing evidence in a case charging the receiving and concealing of stolen property.

The essential facts are: Defendant was on probation from a former conviction and had in two respects violated the terms of his probation. His probation officer was searching for him in order to arrest for the violations. When he saw defendant and a woman companion alighting from a vehicle in a parking lot, he hailed the defendant who turned and saw him and upon recognition handed the woman com-

panion a wallet which he had in his hands. The officer came rapidly upon them, ordered defendant to stand and took the wallet from the woman's hands. At this point, or at most seconds thereafter, the contents of the wallet spilled. The officer picked them up and put them in one of his pockets. The contents indicated that the wallet and contents belonged to another person and this, coupled with information that the wallet had been stolen, resulted in the charge of receiving and concealing stolen property.

Before trial defendant moved to suppress the evidence because of its alleged illegal seizure. The trial court's order contained written findings and conclusions that defendant was a probation violator; that when he was hailed he recognized the officer and handed his companion the wallet; that the officer did not have probable cause to believe or grounds for reasonable suspicion that a crime was being committed in his presence; that there was not a voluntary consent from the companion to the probation officer to take the wallet and that defendant has standing to raise the issue of illegal search and seizure.[1] The trial

---

[1] Defendant urges that he had standing to assert his companion's Fourth Amendment rights because the seizure from her was directed at him. This is bootstrap argument under the facts of this case. Our holding obviates necessity to reach the question of standing. However, we note that in Jones v. United States, 362 US 257, 80 S Ct 725, 4 L Ed 2d 697 (1960), and Alderman v. United States, 394 US 165, 89 S Ct 961, 22 L Ed 2d 176 (1969), the United States Supreme Court has held that defendants in somewhat similar situations have no standing to assert the right. This appears to be the majority rule in federal and state courts; and in State v. Hartman, 5 Or App 156, 483 P2d 107 (1971), we indicated that we would apply the rule. See also State v. Laundy, 103 Or 443, 204 P 958, 206 P 290 (1922); State v. Hilton, 119 Or 441, 249 P 1103 (1926); State v. Hoover, 219 Or 288, 347 P2d 69 (1959).

Some states have adopted a stricter rule favorable to the de-

court further found there was no abandonment by the defendant of the wallet and that the seizure was beyond the scope of a search incident to lawful arrest of defendant.

If the defendant was being validly arrested and jailed as a probation violator, which he obviously knew was the fact, he could expect that the personal property he then possessed would certainly be taken into police custody incident to the arrest. ORS 142.210 so requires. *See State v. Whitewater,* 251 Or 304, 445 P2d 594 (1968), and *State v. Riner,* 6 Or App 72, 485 P2d 1234 (1971). Passing the property to his companion under these circumstances appears to us to be

---

fendant under proper circumstances. People v. Martin, 45 Cal2d 755, 290 P2d 855 (1955); Kaplan v. Superior Court of Orange County, 6 Cal3d 150, 98 Cal Rptr 649, 491 P2d 1 (1971). A New York statute concerning standing has been construed as codifying the California rule. New York Code of Criminal Procedure § 813-c (McKinney Supp Sept 1971); People v. Smith, 35 Misc2d 533, 230 NYS2d 894 (Kings County Ct 1962). The current draft of the proposed revision of criminal procedure in Oregon made by the Criminal Law Revision Commission contains such a provision:

> Section 40. "(1) A motion to suppress may be made by any defendant against whom things seized are to be offered in evidence at a criminal trial no matter from where or from whom seized." Part II. Pre-arraignment Provisions, Art 5, Search and Seizure, Preliminary Draft No. 3, May 1972. (This proposed draft is still under consideration by the commission, and is subject to change. If it is not changed, it may be expected to face the uncertainties of legislative consideration.)

In this connection *see also* Comment, *Oregon Search and Seizure, 1968-1972,* 8 Will L J 210, 234-6 (1972); United States v. Berryhill, 445 F2d 1189 (9th Cir 1971); White and Greenspan, *Standing to Object to Search and Seizure,* 118 Pa L Rev 333, 354 (1970); Binkiewicz v. Scafati, 281 F Supp 233, 237 (D Mass 1968) (defendant granted standing to object to introduction of evidence seized illegally from apartment of co-defendant); United States v. Birrell, 242 F Supp 191 (SDNY 1965) (alternative holding), rev'd on other grounds 400 F2d 93 (2d Cir 1968) (defendant granted standing to object to introduction of documents seized illegally from his attorney).

essentially no different than if he had sought, in full view of the officer, to destroy the property or secrete it in such a way that the officer could not retrieve it. If the defendant had thrown the wallet into a fire or into a river and the officer recovered it before it was destroyed, its contents could have been used against the defendant. Furthermore, if defendant had wished to leave property with someone while he was detained, stemming from an innocent desire to keep it from being in police hands during that time, his method used here is inconsistent with the innocent motive.

■■ The evidence raises an inference that the defendant knew he was going to be immediately arrested *as a probation violator* and that he knew he had on his person incriminating evidence of other crime. Getting rid of the property for a time on the spur of the moment for the purpose of evading responsibility for possessing it does not qualify as an abandonment.[2] In this respect we concur in the trial judge's conclusions.

■ As a probationer defendant did not have the expectation of privacy one not on probation might have, particularly with reference to his probation officer. In *State v. Davis/Travis,* 9 Or App 412, 496 P2d 923 (1972), which also dealt with a probationer, we quoted

[2] Defendant's companion testified that he handed the wallet to her and said "Here, take these *a minute.* It's my parole officer." (Emphasis supplied.) This evidence stands uncontroverted from defendant's own witness. He is bound by it. We believe that the only conclusion that can be drawn from this evidence is that defendant constructively possessed the wallet after he handed it to her. He controlled its disposition and intended to regain its physical custody in "a minute." The companion held it subject to defendant's control of it. *See* State v. Oare, 249 Or 597, 599, 439 P2d 885 (1968), and n 1 in State v. Harp, 6 Or App 85, 88-89, 485 P2d 1123 (1971).

with approval from *In Re Martinez*, 1 Cal 3d 641, 647 n. 6, 83 Cal Rptr 382, 463 P2d 734, *cert denied* 400 US 851, 91 S Ct 71, 27 L Ed 2d 88 (1970):

> " '* * * The conditional nature of a parolee's freedom may result in some diminution of his reasonable expectation of privacy and thus may render some intrusions by parole officers "reasonable" even when the information relied on by the parole officers does not reach the traditional level of "probable cause." A diminution of Fourth Amendment protection, however, can be justified only to the extent actually necessitated by the legitimate demands of the operation of the parole process * * *.' * * *." 9 Or App at 417.

In the case at bar, a legitimate demand of the probation process was in progress when defendant sought to evade responsibility for possession of the wallet. Defendant had no reasonable expectation of privacy under the Fourth Amendment with reference to the wallet. *See State v. Purvis*, 249 Or 404, 438 P2d 1002 (1968); and Comment, *Oregon Search and Seizure, 1968-1972*, 8 Will L J 210, 241 (1972). We need not decide questions of "standing" raised in the briefs and the trial court's findings.

The order of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.